**RADICAL PRODUCTS, INC., Plaintiff,**

v.

**SUNDAYS DISTRIBUTING, a general partnership, Defendant.**

No. C92–1021–D.

United States District Court,
W.D. Washington.

Oct. 28, 1992.

Paul T. Meiklejohn, Seed & Berry, Seattle, WA, for plaintiff.

James T. Latting, George, Hull & Porter, Seattle, WA, Alan T. McCollom, Jerome S. Marger, Glenn C. Brown, Marger, Johnson, McCollom & Stolowitz, Portland, OR, for defendant.

## ORDER

DIMMICK, District Judge.

This matter is before the Court on the following motions: (1) Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6); (2) Defendant's motion to dismiss or transfer venue; and (3) Plaintiff's motion for preliminary injunction.

The Court has heard oral argument and considered the memoranda and affidavits filed by counsel. As will be explained below, the Court denies both of defendant's motions and grants plaintiff's motion for preliminary injunction.

Plaintiff Radical Products, Inc. ("RPI") originally brought this cause of action for patent infringement and trademark infringement regarding its two-process tanning gel. Plaintiff has since dropped it's patent claim, and asserts only trademark infringement of its trade dress (the packaging of a two part, dyed tanning gel in a clear bottle) by defendant Sundays Distributing ("Sundays").

The Court will first address Defendant's venue motion, then discuss Defendant's 12(b)(6) motion in conjunction with Plaintiff's motion for preliminary injunction.

## DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

■ Defendant Sundays premises its motion to transfer venue on 28 U.S.C. § 1400:

(a) Civil actions, suits, or proceedings arising under any ACT OF CONGRESS relating to copyrights or exclusive rights in mask works may be instituted in the district in which the defendant or his agent resides or may be found.

(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Plaintiff RPI insists that venue is proper pursuant to 28 U.S.C. § 1391(b) as amended 1990:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Section 1400 is permissive, thus section 1391(b) offers an alternative basis for venue if section 1391(b) applies. That is, if "a substantial part of the events and omissions giving rise to the claim occurred ... [in Washington]." Although a number of convenience arguments are raised, they are unrelated to the consideration of venue under section 1391.

Only one case has been cited in which the 1990 statute was utilized to find venue in a trademark infringement case. *Sidco Industries, Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343 (D.Or.1991). In *Sidco*, the Oregon court found that venue was proper in either Oregon or Nevada where defendant was a Nevada corporation, operating a casino resort in Nevada with the allegedly infringing trademark, and plaintiff was an Oregon Corporation. Defendant had no property in Oregon, advertised nationally, but did not specifically target Oregon. The advertising would nonetheless reach 503 Oregon subscribers out of a total circulation of 71,000. Additionally, 40,000 direct mail brochures were sent throughout the United States, with some 378 reaching travel agents in Oregon.

The facts in the instant case are remarkably similar to those in *Sidco*. Clearly, there is venue in California where plaintiff's own witnesses ·attest that Sundays' sales there are undercutting RPI's and causing confusion. Sherman Declaration. Plaintiff argues also the confusion between plaintiff's products and defendant's products is likely to occur in Washington where plaintiff has its place of business and sells 35 percent of its goods. Sundays' witnesses, however, state that its two-phased clear bottle product has not been sold in Washington. Declarations of Wheeler, Cosand and Young. Cosand, as a distributor for Sundays, does attest to receiving an advertising brochure for Sundays' product. Similarly Young, also a distributor for Sundays, attests to mailing "650 brochures describing the dyed, two-phased product to accounts in the State of Washington." It therefore seems clear that confusion over the "trade dress" is likely to occur in Washington. Following the reasoning in *Sidco*, venue in this case is proper in either California or Washington, with a substantial part of the events taking place in both states.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION/DEFENDANT'S MOTION TO DISMISS

■ Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (failure to state a claim) can be disposed of fairly quickly. As will be discussed more fully in relation to a preliminary injunction, plaintiff has alleged the elements of a claim for trademark infringement. A complaint will be dismissed only if there is no set of facts under which plaintiff can prove his claim. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980).

■ As noted above, plaintiff has dropped its patent claim, but alleges trademark infringement pursuant to 15 U.S.C. § 1125(a) (also known as the Lanham Act). Under section 1125(a), the first manufacturer of a product is entitled to an unregistered trademark in the "trade dress" of its product. *Rachel v. Banana Republic*, 831 F.2d 1503, 1506 (9th Cir.1987).

"Trade dress" is the appearance of the product and may include features such as size, shape, color, color combinations, texture, or graphics.

*Id.* at 1506, *citing Stormy Clime, Ltd. v. ProGroup, Inc.*, 809 F.2d 971, 974 (2d Cir. 1987).

■ If a trade dress is inherently distinctive, copying raises a presumption of confusion, and a secondary meaning need not be proven. *Two Pesos, Inc. v. Taco Cabana, Inc.*, —— U.S. ——, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992).[1] If, however, the particular trade dress is *de jure* functional—that is, its design is a necessary aspect of the product or makes it more efficient to produce, there is no protection. *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381 (9th Cir.1987); *In re Morton–Norwich Prod., Inc.*, 671 F.2d 1332, 1340–41 (C.C.P.A. 1982). Plaintiff bears the burden of proving that his trade dress is non-functional. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503 (9th Cir.1987). Color alone may not be so distinctive as to be a trademark; however, color in combination with "distinctiveness of shape" may be granted trademark status. *First Brands*, 809 F.2d at 1382.

■ A preliminary injunction in a trademark context is the same as any other—the party must demonstrate likelihood of success on the merits and irreparable harm, or the existence of serious questions of law and the balance of hardships in its favor. *First Brands*, at 1381. Thus RPI must demonstrate probable success in proving that its trade dress (a clear bottle with two distinctively colored tanning gels) is non-functional and is likely to be confused with Sundays' products.

■ In support of its position, RPI offers the declaration of Geoffrey W.A. Johnson, United States selling agent for Radical Products, Inc. He states that the two color/two-phase product in a clear bottle is unique, that other competitive substances with two-phase products do not find it necessary to adopt the same trade dress. In fact, the two-phase clear bottle appearance is more expensive to

---

**1.** In its brief, defendant argued that plaintiff must prove secondary meaning to gain trade dress protection, but the Supreme Court recently has held otherwise in *Two Pesos, supra*.

produce. Tony Sherman, RPI distributor in California, states that Sundays' product is inferior and is undercutting RPI prices. He further states that confusion in trade dress between the RPI and Sundays' product will result in loss of markets and irreparable harm. He also states that purchases such as this are made on impulse, where appearance is all important.

Sundays, counters through one of its partners (Wheeler) that he first developed the packaging of the two-phase product in clear containers in April of 1989, predating RPI's selling of its product in the first half of 1990. In support of this contention, Wheeler attached an invoice dated April 18, 1989. Wheeler also states that the two-phase clear bottle packaging was disclosed to Johnson in a telephone conversation in 1989. Thus Sundays asserts priority over RPI, and also contends that RPI's trademark is too indefinite to be protectable; the packaging is not protectable because it is functional; and there is no evidence of secondary meaning. As to the last point, as noted above, the Supreme Court has said that secondary meaning is not necessary.

Addressing Sundays first argument that the packaging predated R.P.I.'s use, this Court concludes that there is no credible evidence to support this argument. The invoice submitted as proof has been discredited by the fact that the address on it did not exist in 1989. As to the indefiniteness of the packaging, the Court observes that it is very distinctive in relation to the packaging for similar products. On the question of functionality of the packaging it is apparent that the packaging of the two dyed liquids in a clear bottle is not necessary since a number of alternative packages are used for similar products. Moreover, the likelihood of confusion is apparent since counsel for Sundays could not distinguish its product from RPI's at the hearing.

Thus this Court concludes that RPI has demonstrated likelihood of success on the merits and confusion with its products which would result in irreparable harm.

THEREFORE, defendant's motion to dismiss for failure to state a claim is *denied;* and defendant's motion to dismiss or transfer venue is *denied.* Plaintiff's motion for a preliminary injunction is *granted* as follows: Defendant is enjoined from using RPI's trademark of a two-part, dyed tanning gel in a clear bottle. Bond will be set in an amount to be determined after defendant Sundays has submitted an affidavit as to the number of bottles already produced.