**FRENCH TRANSIT, LTD., Plaintiff,**

v.

**MODERN COUPON SYSTEMS, INC., Leonard Feldman, Larry Morris individually and d/b/a J & L Products and d/b/a Deodorant Stones of America, Hargen Distributing, Inc. and Chitti Kang, Defendants.**

**No. 91 CIV 6734 (AGS).**

United States District Court, S.D. New York.

June 27, 1994.

---

Hall, Dickler, Lawler Kent & Friedman, New York City, Randy Friedberg, for plaintiff.

Eliot S. Gerber, Wyatt Gerber Burke & Badie, New York City, Steptoe & Johnson, Phoenix, AZ, for defendants.

## OPINION AND ORDER

SCHWARTZ, District Judge:

Defendant, Larry Morris, moves pursuant to 28 U.S.C. § 1391(b) to dismiss the complaint for improper venue, or in the alternative, to sever the action and transfer the portion of the action relating to him to the District of Arizona, pursuant to 28 U.S.C. § 1406(a). For the reasons set forth below, defendant's motion is granted and this action is transferred to the District of Arizona.

## I. BACKGROUND

Plaintiff's Complaint, filed on or about October 1, 1991 ("Complaint") alleges that Defendant Larry Morris' ("Defendant") sale of "Nature's Crystal" deodorant stones infringes on its registered trademark and trade dress for "Le Crystal Naturel". Complaint at ¶ 14. Plaintiff alleges that because Plaintiff's and Defendant's trademarks and trade dress appear on virtually identical products and are sold in almost identical streams of commerce, there exists a likelihood of confusion among consumers. Complaint at ¶ 15.

Individual defendant Larry Morris ("Defendant") does business as J & L Products and Deodorant Stones of America. Complaint at ¶ 5c. Defendant processes and distributes orders for his products, including Nature's Crystal, from Arizona, and he maintains his business offices and records in Ari-

zona. Defendant presently has only three employees. These employees, as well as Defendant's past employees, all reside in Arizona. Defendant, himself, resides in Arizona, where he supports and cares for his minor daughter.

Plaintiff makes specific allegations against Defendant for trademark and trade dress infringement and has submitted evidence in support of those allegations. First, Plaintiff alleges that Defendant has sold Nature's Crystal in this District. Although Plaintiff provides evidence that his agent obtained Nature's Crystal from retailers [1] in this District [2], Defendant denies that he has sold Nature's Crystal in this District. No evidence (such as order forms and packing slips) suggests that Defendant directly shipped any Nature's Crystals to this District. Defendant testified at his deposition, and later submitted an affidavit [3], to the effect that: (1) he has done business throughout the country, (2) he sells products to distributors and to mail order houses nationwide, (3) at least some of the distributors or mail order houses sell their merchandise throughout the country, (4) he does not have representatives or distributors in New York State; and (5) the retailers in this District from whom Nature's Crystals are available are not included on his customer list. Given Defendant's testimony regarding nationwide distributors and the purchase of Nature's Crystal in this District by Plaintiff's agent, we must infer that Plaintiff asks this Court to conclude either that Defendant has misrepresented the scope of his direct sales or that his distributors sell Nature's Crystal to retailers in the Southern District of New York.

Second, Plaintiff alleges that Defendant solicited business for his product in this District. Plaintiff offers fifteen packing slips [4] relating to another of Defendant's products, Thai Deodorant Stones, that Defendant sent to addresses in this District. Plaintiff alleges

---

1. The retailers were Good Earth Natural Food Market and Health Nut, located in Manhattan.

2. See Supplemental Affidavit of Randy Friedberg, dated August 24, 1993.

3. See Deposition of Larry Morris, pages 17, 35, 40, 50–51, 134, attached as Exhibit A to Friedberg Affidavit. See also Supplemental Affidavit of Larry Morris, attached as Exhibit C to Defendant's Reply Memorandum.

4. See Exhibit B of the Friedberg Affidavit.

that these packing slips contained a "solicitation" of future sales of Defendant's products[5], including Nature's Crystal. Defendant points out that the packing slips in question merely contain a list at the bottom of the form of Defendant's products. He also testified that he has not placed any advertisements in local newspapers in this District.

Lastly, Plaintiff also alleges that actual confusion of the two products has occurred because Defendant had filled orders from codefendant, Modern Coupon Systems, which had requested a product identified as "Le Crystal". In response, Defendant contends that those orders were filled with Thai Deodorant Stones at a time when it did not sell Nature's Crystal.

In his motion to dismiss, Defendant, alternatively, asks this Court to transfer this action to the District of Arizona. Defendant testifies that it would be "unduly burdensome" for him to defend this action in the Southern District of New York because "all operative facts and witnesses are located in Arizona", and because he cannot leave his minor daughter or his business unattended. See Exhibit D to Defendant's Reply Memorandum. Plaintiff responds that the witnesses and evidence in this action are located in a number of districts throughout the country, and the sole witness for the defense is Defendant, himself. Additionally, Plaintiff requests that this Court transfer the entire action for trial in accordance with 28 U.S.C. § 1406(a) in the event that this Court determines that venue is not proper in this District.

## II. DISCUSSION

### A. DISMISSAL OF COMPLAINT

■ Defendant moves to dismiss the complaint for improper venue as to him. Venue in trademark and unfair competition cases is governed by the general federal venue stat-

ute, 28 U.S.C. § 1391(b).[6] Section 1391(b) provides, in pertinent part, that:

"(b) A civil action wherein jurisdiction is not founded solely on a diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..." [7]

■ Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper. *Pocahontas Supreme Coal Co., Inc. v. National Mines Corp.*, 90 F.R.D. 67, 69 (S.D.N.Y.1981). Plaintiff, therefore, bears the burden of showing that a substantial part of the events giving rise to this claim occurred in the Southern District of New York.

The language of the amended Section 1391(b) lays venue in any jurisdiction in which a substantial part of the events giving rise to the claim ("a substantial part of events") occurred. Almost all courts that have addressed the new language of Section 1391(b), including the only two district courts in the Second Circuit that have addressed the issue, have interpreted the provision to mean that venue may be proper in more than one district. *See D'Ull v. Kildeer Leasing Inc.*, 1991 WL 206281 (S.D.N.Y.1991); *Miller v. Meadowlands Car Imports, Inc.*, 822 F.Supp. 61 (D.Conn.1993).

■ In trademark infringement claims, the actionable wrong takes place both where infringing labels are affixed to the goods and where confusion of purchasers is likely to occur. *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633 (2d Cir.1956), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956), *reh. denied*, 352 U.S. 913, 77 S.Ct. 144, 1 L.Ed.2d 120 (1956). *See also Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1319–20 (S.D.N.Y.1989). This

---

**5.** The full list of products set forth in the packing slip is: Fresh Foot, The Jock's Rock, Nature's Crystal, and Thai Deodorant Stones (*See* Exhibit A of Defendant's Reply).

**6.** The language of Section 1391(b) was amended by the Judicial Improvements Act of 1990, Pub.L. No. 101–650, Title III, § 311, 104 Stat. 5114 (1990).

**7.** Prior to the 1990 amendment to Section 1391(b), the venue statute provided:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

Court must therefore determine the district or districts in which a substantial part of the affixation of labels and the confusion of purchasers has taken place or is likely to occur.

■ Only a handful of courts have attempted to define the phrase "substantial part of events"[8]. In the leading case, *Dave Guardala Mouthpieces, Inc. v. Sugal Mouthpieces, Inc.,* 779 F.Supp. 335 (S.D.N.Y.1991), the plaintiff filed an action against the defendant for trademark and trade dress infringement. The defendant owned a corporation in Rhode Island, maintained offices solely in Rhode Island, and did not have telephone listings or employees outside of Rhode Island. The *Guardala* court found venue to be proper in the Southern District of New York (where the action was filed) because the defendant: (1) targeted a national market, (2) attended trade conferences in states other than Rhode Island, (3) advertised in various national music publications, (4) specifically sought to sell his product in New York, (5) made sales presentations in New York on at least two occasions, and (6) shipped at least 38 mouthpieces to New York residents and retailers. *Id.* at 336, 338. Thus, in the Southern District of New York, if a defendant targets the District by advertising and actively pursues efforts to market the product by making sales presentations and selling even a relatively nominal amount of products in the District, such actions may be regarded as constituting a substantial part of events giving rise to the claim[9].

In determining whether a substantial part of the events giving rise to the claim took place in this District, we also may consider where the effects of Defendant's alleged infringement might be felt. In *Sidco Industries, Inc. v. Wimar Tahoe Corp.,* 768

F.Supp. 1343 (D.Or.1991), the plaintiff argued that a substantial part of events had occurred in the District of Oregon because any confusion and diminution in the value of its trademark was likely to occur in that district. Although the defendant was located in Nevada, the Horizon Motor Inn, the plaintiff's business and trademark, was located wholly in the District of Oregon. *Id.* The defendant's brochures (advertising the Horizon Casino/Resort in Nevada) had been received by most travel agents who worked in the District of Oregon. *Id.* The court, in holding for plaintiff, found that any impact of the alleged infringement on the plaintiff's business was likely to be felt in the District of Oregon. *Id.* at 1347. Thus, under *Sidco,* in applying the "substantial part of events" test, we may examine not only Defendant's acts in this District[10], but also whether there exists a strong likelihood that Plaintiff's customers in this District would be confused by the defendant's acts.

■ Plaintiff, here, has submitted no evidence to the effect that Defendant advertised Nature's Crystal in New York, that Defendant's distributors advertised Nature's Crystal in New York, or that Defendant conducted a mailing of any publication describing Nature's Crystal to Plaintiff's customers. He neither advertised his product nor made active efforts to sell the product in this District. The fifteen packing slips offered by Plaintiff do not constitute substantial evidence to the effect that Defendant specifically targeted this District for sale of his product. The fifteen packing slips merely list Defendant's products, and thus, are not persuasive that there exists a strong likelihood that Plaintiff's customers in the Southern

---

**8.** E.g., *Sidco Industries, Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343 (D.Or.1991); *Dave Guardala Mouthpieces, Inc. v. Sugal Mouthpieces, Inc.,* 779 F.Supp. 335 (S.D.N.Y.1991); *D'Ull v. Kildeer Leasing Inc.,* 1991 WL 206281 (S.D.N.Y. 1991); *U.S. v. Hartbrodt,* 773 F.Supp. 1240 (S.D.Iowa 1991); *Magic Toyota v. Southeast Toyota Distributors, Inc.,* 784 F.Supp. 306 (D.S.C. 1992); *Radical Products, Inc. v. Sundays Distributing,* 821 F.Supp. 648 (W.D.Wash.1992); *Miller v. Meadowlands Car Imports, Inc.,* 822 F.Supp. 61 (D.Conn.1993).

**9.** *See also U.S. v. Hartbrodt,* 773 F.Supp. 1240 (S.D.Iowa 1991), (direct targeting of consumers by mailing 20,000 postcards in the district constitutes a substantial part of events); *Radical Products, Inc. v. Sundays Distributing,* 821 F.Supp. 648 (W.D.Wash.1992), (mailing to customers advertising brochures describing the allegedly infringing product constitutes a substantial part of the events even though the product had not been sold in the district).

**10.** *See Dave Guardala, supra,* 779 F.Supp. 335.

District of New York will be confused by Defendant's acts.

In addition, although the product is available in this District, Plaintiff has not provided support for the allegation that Defendant sold the product directly in this District or that Defendant should be held responsible for the distributors' actions with respect to his product. *See Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) ("the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state"). We conclude that Plaintiff has not demonstrated that Defendant directly targeted this District, either by advertising or by making active efforts to market Nature's Crystal, as *Guardala* and other relevant legal authority require of a party in order to satisfy the "substantial part of events" test. Accordingly, Plaintiff has not demonstrated that a substantial part of the events giving rise to this action occurred in this District.

## B. *TRANSFER COMPLAINT TO THE DISTRICT OF ARIZONA*

Defendant moves, in the alternative, to sever the action and transfer the part of the action relating to him to the District of Arizona, pursuant to 28 U.S.C. § 1406(a). Section 1406(a) states, in part:

> "(a) The district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

As a threshold matter, this Court must determine whether the District of Arizona is a proper forum for resolution of this matter. Pursuant to 28 U.S.C. § 1391(b), this action could have been brought in Arizona because

Nature's Crystals were processed and distributed from Arizona, indicating that the allegedly infringing labels were affixed there. *See Vanity Fair Mills, supra,* 234 F.2d 633 (2d Cir.1956).

In determining whether in the interest of justice the action should be transferred, this Court may consider: (1) the convenience of parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof and the locus of operative facts; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the action can be tried more expeditiously and inexpensively (e.g., calendar congestion); and (7) the totality of circumstances [11].

Consideration of the residence of the parties constitutes a relevant starting point for this analysis. *Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1550 (S.D.N.Y.1986). Defendant resides in Arizona; therefore, appearance at trial would obviously be more convenient for him in the District of Arizona than the Southern District of New York. In addition, the District of Arizona presents a more convenient forum for Defendant because he must care for his minor daughter and attend to his small business. *See* Supplemental Affidavit of Larry Morris, attached as Exhibit D to Defendant's Reply Memorandum.

The convenience of the witnesses is generally viewed as the most important factor in a transfer application. *See Orix Credit Alliance, Inc. v. Quail Hollow Mining Co,* 1991 WL 12414, at *1, 1991 U.S.Dist. LEXIS 810, at *2 (S.D.N.Y.1991); *Nieves v. American Airlines,* 700 F.Supp. 769, 772 (S.D.N.Y. 1988). Defendant's present and past employees, potential witnesses in this action, all

---

**11.** The factors are derived from cases interpreting 28 U.S.C. § 1404(a), which contains a substantially similar "interest of justice" clause:

> "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

*See e.g., Executone Information Systems, Inc. v. BDO Seidman,* 1993 WL 37111, at *2, 1993

U.S.Dist. LEXIS 1338, at *4 (S.D.N.Y. Feb. 9, 1993); *Corinthian Media, Inc. v. Yelsey,* 1992 WL 47546, at *1, 1992 U.S.Dist. LEXIS 2480, at *2 (S.D.N.Y.1992); *Gibbs & Hill, Inc. v. Harbert International, Inc.,* 745 F.Supp. 993, 996–97 (S.D.N.Y.1990); *Schieffelin & Co., supra,* 725 F.Supp. at 1321; *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967). *See also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507–08, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947).

reside in Arizona. *See* Defendant's Reply Memorandum.

Here, the relative ease of access to sources of proof is another important factor in a transfer application. Defendant contends that all evidence relevant to the processing of Nature's Crystal, is located in Arizona.

In light of the foregoing, we find that transfer is appropriate here. Plaintiff requests that if this Court grants Larry Morris' motion to transfer the part of the action relating to him, then, in the interest of justice, we transfer the entire action to the District of Arizona. In addition to Defendant Larry Morris, co-defendant Hargen Distributing and its principal, Chitti Kang also conduct business out of the State of Arizona. It would clearly impose a burden on Plaintiff to present its case in two different districts if the portion of the action relating to Defendant Morris were transferred to the District of Arizona. Since both alleged infringers are located in the State of Arizona, the District of Arizona is the proper forum for the disposition of this entire action.

### III. *CONCLUSION*

For the reasons set forth above and in the interests of justice, Defendant's motion to transfer is granted, and the entire action is transferred to the District of Arizona.

SO ORDERED.