GARY SCOTT INTERNATIONAL, INC., Plaintiff

v.

Frank M. BAROUDI d/b/a Reon, Defendant.

No. CIV. A. 97–11549–EFH.

United States District Court, D. Massachusetts.

Nov. 13, 1997.

Gary E. Lambert, Boston, MA, for Plaintiff.

John B. Stewart, Moriarty, Donoghue & Leja, Springfield, MA, Michael P. Allen, Ropes & Gray, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiff Gary Scott International, Inc., a Massachusetts corporation, brought suit against Defendant Frank M. Baroudi d/b/a/ Reon, of San Diego, California, claiming trademark infringement, unfair competition, and dilution under state and federal law. The lawsuit is the result of defendant's marketing and sale of "Tobacco Keepers," cigar humidors which plaintiff claims infringe upon its "Cigar Jar" trademark.

The defendant has moved to dismiss the action pursuant to Fed.R.Civ.P 12(b)(2), claiming that this Court lacks personal jurisdiction over him. Defendant has also moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(3), arguing that venue does not lie in the District of Massachusetts. In the alternative, defendant requests that the case be transferred to the Southern District of California pursuant to 28 U.S.C. § 1406(a). For

the reasons set out below, all three motions are denied.

## I. *Personal Jurisdiction*

Since this litigation is founded upon defendant's forum-based contacts, this Court will pass review on general jurisdiction and focus our inquiry on specific personal jurisdiction. *See Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir.1995). Plaintiff must meet two requirements in order to establish specific personal jurisdiction over the defendant. First, "the forum in which the federal district court sits must have a long-arm statute that purports to grant jurisdiction over the defendant." *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994). Second, "the exercise of jurisdiction pursuant to the statute must comport with the strictures of the Constitution." *Id.* at 60.

### A. *Facts*

I find the following jurisdictional facts are likely to exist. Defendant entered into a contract to sell twelve "Tobacco Keepers" to a Massachusetts retailer. Defendant solicits business from Massachusetts residents through his internet website. At a tobacco trade show, defendant told a colleague that he planned to sell a large number of "Tobacco Keepers" to Walgreens, a pharmacy chain which does business in Massachusetts.

### B. *Massachusetts Long–Arm Statute*

The Massachusetts long-arm statute provides that a Massachusetts court may exercise jurisdiction over a defendant where a plaintiff establishes (1) that the defendant has transacted business in the Commonwealth and (2) that the plaintiff's claim has arisen from the transaction of such business. See Mass.Gen.L. ch. 223A, § 3(a) (1992 ed.); *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767, 625 N.E.2d 549 (1994). In the instant case, plaintiff has produced evidence sufficient to satisfy both requirements.

■ Defendant has advertised his product to Massachusetts residents through a website on the internet. Defendant has sold twelve "Tobacco Keepers" to a Massachusetts retailer. Defendant has stated his intent to sell a large number of "Tobacco Keepers" to a pharmacy chain which does business in Massachusetts. These activities are sufficient to meet the transacting business requirement of Section 3(a).

■ Plaintiff has also satisfied the arising from requirement of Section 3(a) of the long arm statute. Plaintiff alleges that it has been damaged by defendant's nation-wide marketing and sale of "Tobacco Keepers." Plaintiffs cause of action arises from defendant's conduct in each state that it has marketed and sold "Tobacco Keepers." Defendant has marketed and sold "Tobacco Keepers" in Massachusetts. Thus, plaintiffs suit arises from defendant's activities in Massachusetts.

Since the defendant has transacted business in Massachusetts and the plaintiffs suit arises from these forum related activities, the requirements of Section 3(a) of the long arm statute have been satisfied.

### C. *Federal Due Process*

■ Turning to the issue of defendant's federal due process rights, this Court must follow a tripartite analysis to determine if minimum contacts exist and personal jurisdiction is appropriate.

First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum related activities. Second, the defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 712–713 (1st Cir.1996).

(1) *Relatedness:* Plaintiffs claims arise from defendant's marketing and sale of allegedly infringing cigar humidors. Defendant solicited humidor business from Massachusetts residents through an internet website. Defendant stated that he had a major deal with a pharmacy chain doing business in Massachusetts. Defendant sold twelve humi-

dors to a Massachusetts retailer. Plaintiffs cause of action arises from this conduct in Massachusetts. The first prong of the federal due process test is satisfied.

(2) *Purposeful Availment:* In order to determine whether a defendant has purposely availed himself of the privilege of conducting business in the Commonwealth of Massachusetts, this Court must determine the voluntariness of defendant's conduct and whether that conduct made it foreseeable that the defendant would be haled into a Massachusetts court. *Id.* at 716. Defendant's business is based in California. Rather than limiting his business to his home state or region, defendant chose to market and sell his humidors nationwide. In choosing to do so, defendant accepted both the benefits and the risks of nationwide business. One of the risks inherent in defendant's decision to pursue nationwide sales was the possibility that he could be haled into a Court in a foreign state where his humidors were marketed and sold.

Defendant marketed its product in Massachusetts. Defendant sold its product in Massachusetts. These voluntary actions connect the defendant to Massachusetts and make it foreseeable that he might be sued in the Commonwealth.

(3) *Reasonableness* : "[T]he exercise of personal jurisdiction over a defendant must comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). In assessing whether an assertion of personal jurisdiction satisfies due process, a district court is directed to weigh certain so-called "gestalt" factors. These are: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiffs interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." *Nowak,* 94 F.3d at 717.

With respect to the first factor, the choice of Massachusetts imposes only a slight hardship on the defendant. Defendant is a businessman who markets his product nationwide. Requiring him to come to Massachusetts to litigate this case is not an overwhelming burden. The second factor clearly favors jurisdiction. Massachusetts has a significant interest in adjudicating this dispute because it involves the intellectual property rights of one of its citizens and requires an interpretation of Massachusetts state law. The third factor, the plaintiffs interest in convenient and effective relief, also favors jurisdiction. Plaintiff is a Massachusetts corporation. Plaintiff chose to bring suit in this forum. The First Circuit has directed district courts to "accord plaintiffs choice of forum a degree of deference in respect to the issue of its own convenience." *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 211 (1st Cir.1994). The last two factors are inconclusive since courts in both Massachusetts and California (the defendant's home state) afford a method of effectively resolving the instant case and both states share the same substantive concern for protecting the intellectual property rights of their citizens. In sum, an exercise of personal jurisdiction in this case is reasonable.

In light of the above, this Court holds that the United States District Court for the District of Massachusetts has personal jurisdiction over the Defendant Frank M. Baroudi d/b/a/ Reon.

## II. *Venue*

The issue of venue, like that of personal jurisdiction, is concerned with fairness to the defendant. *Johnson Creative Arts v.· Wool Masters,* 743 F.2d 947, 952 (1st Cir. 1984). However, the two concepts are independent. The fact that a court has asserted personal jurisdiction over a defendant is not dispositive of the issue of venue. *Id.* at 952.

Venue limitations are set by Congress. The proper venue for an action under the Lanham Act must be determined by the general venue statute for non-diversity actions, which is 28 U.S.C. § 1391. *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir.1995).

Section 1391(b)(2) provides that a Claim may be brought in a "judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "Thus, the relevant question regarding venue is whether the district the plaintiff chose has a substantial connection to the claim regardless of whether another forum had greater contacts." *Setco Enter. Corp. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir.1994).

Plaintiff has brought this claim alleging trademark infringement under the Lanham Act. In federal trademark cases, the actionable wrong takes place both where the infringing labels are affixed to the goods and where confusion of purchasers is likely to occur. *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 639 (2nd Cir.1956); *Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3rd Cir.1994).

The Court of Appeals for the First Circuit has not addressed the issue of the level of confusion within the district necessary to establish that a substantial part of the events giving rise to a trademark claim occurred in the district. However, courts in other circuits have examined the issue. All of these courts have focused on the absence or presence of advertising and sales in the district. *Radical Products, Inc. v. Sundays Dist.,* 821 F.Supp. 648, 650 (W.D.Wash.1992) (although no sales occurred in the district, venue proper since defendant mailed advertising brochures into the district.); *Sidco Industries, Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1346–1347 (D.Or.1991) (mailing advertising brochures into the district sufficient to establish venue); *Woodke v. Dahm,* 70 F.3d 983, 984 (8th Cir.1995) (venue not proper where there was no evidence of advertising or sales in the district); *French Transit, Ltd. v. Modern Coupon Sys., Inc.,* 858 F.Supp. 22, 26–27 (S.D.N.Y.1994) (venue not proper where there was no evidence of advertising or direct sales into the district); *Whiteman v. Peltola,* No. 95–CV–73101–DT, 1996 WL 426253 (W.D.Mich. Jan.12, 1996) (venue not proper where there was no evidence of advertising or sales in the district).

In the case at bar, defendant has advertised and sold its product in this district. Defendant solicited business from Massachusetts residents through its internet website. Defendant sold twelve "Tobacco Keepers" to a Massachusetts retailer. Defendant expressed an interest in distributing "Tobacco Keepers" in Walgreens Pharmacies.

These facts are sufficient to find that a substantial part of the events giving rise to this claim occurred in Massachusetts. Therefore, I find that venue is proper in this district and I deny defendant's motions to dismiss and to transfer the case to the Southern District of California.

SO ORDERED.