**Mohammed SYED and Nusrat Syed, Plaintiffs,**

v.

**Denise HOUSEL, Defendants.**

**No. 3:00–CV–0721 (EBB).**

United States District Court, D. Connecticut.

July 20, 2000.

Murray J. Kessler, Harry Cohen, Cohen & Kessler, New Milford, CT, for Mohammed Syed, Nusrat Syed.

A. Lawrence Leblanc, Cassidy, Miolene & Mazza, Fairfield, CT, for Denise Housel.

## RULING ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER

ELLEN E. BURNS, Senior District Judge.

### INTRODUCTION

Plaintiffs Mohammed and Nusrat Syed (the "Syeds" or "Plaintiffs"), bring this two count Complaint against Defendant Denise Housel ("Denise" or "Defendant"), which Complaint concerns an automobile accident in Pamona, New York, and a loss of consortium. The Syeds are citizens of Connecticut and Denise is a citizen of New York. Accordingly, the case is brought under the diversity jurisdiction of this Court, as the Syeds also plead the requisite amount in controversy.

Defendant has moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction and improper venue under 28 U.S.C. § 1391. In the alternative, Defendant moves to transfer the case to the Southern District of New York, White Plains Division, pursuant to 28 U.S.C. § 1406(a).

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

On August 11, 1999, Plaintiff Mohammed was operating his vehicle in Pomona, New York. He brought his vehicle to a complete stop at a "Yield" sign. Denise, who was traveling right behind Mohammed, collided with the rear end of Mohammed's automobile. Mohammed claims to have suffered serious and permanent injuries as a result of this accident. Nusrat claims loss of consortium.

The Complaint was timely filed on April, 24, 2000 and seeks $300,000 in damages for both claims.

### LEGAL ANALYSIS

#### I. *The Standards of Review*

##### A. *Federal Rule of Civil Procedure 12(b)(2)*

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of showing that the court has jurisdiction over a defendant. *Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.) *cert. denied,* 519 U.S. 1006, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996). Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction. *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

##### 1. *28 U.S.C. § 1391: Venue Generally*

Section 1391 provides, in relevant part:

(A) a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

### 2. *28 U.S.C. § 1406(a): Cure or Waiver of Defects in venue*

Section 1406(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

### II. *The Standards As Applied*

■ This case presents a question of personal jurisdiction over a nonresident in a diversity suit. The amenability of a nonresident to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits. See, e.g., *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir. 1963) (en banc); *accord Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985).

> Connecticut utilizes a familiar two-step analysis to determine if a court has personal jurisdiction. First, the court must determine if the state's long-arm statute reaches the nonresident defendant. Second, if the statute does reach the nonresident defendant, then the court must decide whether that exercise of jurisdiction offends due process.

*Bensmiller v. E.I. Dupont de Nemours & Co.,* 47 F.3d 79, 81 (2d Cir.1995), *citing Greene v. Sha–Na–Na,* 637 F.Supp. 591, 595 (D.Conn.1986) A trial court need not make the second of these inquiries if it finds that the pertinent section of the long-arm statute does not reach the defendant non-resident. *See Frazer v. McGowan,* 198 Conn. 243, 246–47, 502 A.2d 905 (1986).

The provision of the long-arm statute at issue in the present case is subsection (a)(3) of Conn.Gen.Stat. Sec. 52–59b. That section provides:

(A)(3) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual ... who in person ... (3) commits a tortious act outside the state causing injury to person or property within in the state ... if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate commerce: or (4) owns, uses or possesses any real property situated within the state.

■ Applying these standards, it is beyond cavil that this Court has no personal jurisdiction over Defendant herein. The affidavit submitted as part of her Motion to Dismiss, or, in the Alternative, to Transfer, makes it perfectly clear that she presently, and for all of her life, has resided in New York. She further avers that: she has never solicited or transacted business in Connecticut; has never derived substantial revenue from interstate commerce; nor does she own, use, or possess real property. Finally, she is employed by Worth U.S.A., a corporation with its principal place of business in New Jersey, in the accounting, payroll and human resources department. Plaintiffs simply fail to legally hale Defendant before this Court.

■ It is therefore also clear that venue in misplaced in Connecticut. Firstly, although the automobile accident happened in New York, Plaintiffs allege that Mohammed's permanent and serious injuries are occurring in Connecticut. Nusrat's loss of consortium, derivative of Mohammed's claim, is also alleged to be occurring in Connecticut. 28 U.S.C. § 1391(a)(2). Secondly, as noted above, Plaintiffs do not have personal jurisdiction over Defendant and the District of Con-

**400**

necticut is not the only district in which this action could have been brought. 28 U.S.C. § 1391(a)(3).

■ Further, once a challenge properly has been made as to venue, it becomes the plaintiff's burden to show that venue is proper. *French Transit, Ltd. v. Modern Coupon Sys., Inc.*, 858 F.Supp. 22, 25 (1994). Inasmuch as Plaintiffs made no response at all to that portion of Defendant's moving papers claiming improper venue, the Court holds that Plaintiffs have waived such a challenge. Thus, the Court hold that there exists no proper venue in this District.

■ In the alternative to dismissal, Defendant moves this Court to transfer the case to the Southern District of New York, White Plains Division. In determining the interest of justice prong of 28 U.S.C. § 1406(a), the Court may consider, *inter alios,:* (1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof and the locus of operative facts; and (4) the cost of obtaining willing witnesses. *See, e.g., French Transit,* 858 F.Supp. at 27.

■ Each factor favors Defendant's alternative motion to transfer. Obviously, it is convenient for both parties to bring this action in the District in which the action occurred, in that Mohammed was present in that District and Defendant resides therein. Witnesses, if any, are also likely to reside in the District. The car accident happened in the District, thus it is much easier to gather proof regarding the accident in another District other than this one. Finally, the costs of obtaining willing witnesses should not be that expensive, especially in light of the practice of reading depositions if the witness is unavailable.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss, or, in the alternative, to Transfer this Case to the South-

ern District of New York, White Plains Division [Doc. No. 9–1] is GRANTED. The Clerk is, accordingly, directed to transfer this case to the Southern District of New, White Plains Division and to close the case in this Court.

SO ORDERED.