**MAKE UP FOR EVER, S.A., a limited French company, Plaintiff,**

v.

**SOHO FOREVER, LLC, a limited liability corporation, and Ali Salass, an individual, Defendants.**

No. 00 Civ. 3483(RWS).

United States District Court, S.D. New York.

Dec. 12, 2000.

Solomon, Zauderer, Ellenhorn, Frisher & Sharp, New York City, by Hal S. Shaftel, of counsel, Barack, Ferrazzano, Kirschbaum, Perlman & Nagelberg, Chicago, IL, by Robert E. Shapiro, Wendi E. Sloane, Richard A. Saldinger, of counsel, for Plaintiff.

Sokolow, Dunaud, Mercadier & Carreras, New York City, by Mark D. Lewob, Michael J. Calvey, of counsel, for Defendants.

## OPINION

SWEET, District Judge.

Plaintiff Make Up For Ever, S.A. ("MUFE") moved under Federal Rule of Civil Procedure 65 for a preliminary injunction to bar defendants SOHO Forever, LLC ("SOHO") and Ali Salass ("Salass") from infringing its trademark. SOHO cross-moved to dismiss the complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 56, for improper venue under Rule 12(b)3, and for failure to join an indispensable party under Rule 12(b)(7), and for a stay of this action pending resolution of a dispute pending in Arizona. MUFE has also moved to strike the affidavit of Michael J. Calvey ("Calvey") filed in support of SOHO's cross-motion.

For the reasons set forth below, the motions by MUFE are denied as are the cross-motions by SOHO.

### The Parties

MUFE is a French corporation which manufactures, distributes and sells cosmetic products under its *Make Up For Ever* trademark and logo.

SOHO operates a cosmetic boutique under the name of *Make Up For Ever* at 409 West Broadway, New York, New York.

Salass is a principal of Make Up For Ever, Inc., a New York corporation (the "Bankrupt"), presently in bankruptcy in Phoenix, Arizona.

### Prior Proceedings

This action, filed on May 8, 2000, appears to be a footnote to the dispute between MUFE and the Bankrupt, its exclusive distributor in the United States, which dispute is now before the United States Bankruptcy Court in Arizona.

On January 24, 2000, MUFE received notice of the Bankrupt's filing in the Bankruptcy Court in Arizona and its complaint seeking to compel MUFE to supply its products to the Bankrupt. That issue is presently ongoing and in the course of arbitration pursuant to an order of the Bankruptcy Court in Arizona.

On May 9, 2000, MUFE moved by order to show cause before this Court for a preliminary injunction against enjoin SOHO and Salass from infringing the MUFE trademark by selling products under the MUFE name that were not in fact MUFE products. This application was denied as to SOHO on June 8, 2000, upon the undertaking of SOHO not to sell any products other those of MUFE. The application was denied with respect to Salass because there was no proof of service as to this defendant, with leave to renew the application.

SOHO filed its cross-motions on June 6, 2000, and MUFE filed the motion to strike Calvey's affidavit on July 28, 2000. Submis-

sions were received through August 23, 2000, at which time the matters were deemed fully submitted.[1]

### The Facts

The facts set forth below are taken from the Rule 56.1 statements, affidavits, and exhibits. What follows is gleaned from these submissions, with any factual inferences drawn in the non-movant's favor.[2]

MUFE previously had an exclusive distribution agreement with a New York company called Pierre Michel, Inc. ("Michel"), for distribution of MUFE products in the United States. In or about July 1994, the Bankrupt acquired these distribution rights by assignment from Michel. In or about 1996, the Bankrupt opened the boutique now operated by SOHO, which boutique sold MUFE products exclusively. According to MUFE, sales and payments by the Bankrupt became unsatisfactory, notice of non-payment was given and on January 6, 1997, MUFE gave notice of termination of the distributorship. Thereafter, MUFE continued to provide its products on an order by order basis. However, MUFE notified the Bankrupt on November 22, 1997 that no orders after December 31, 1999 would be honored. In the spring of 1998, according to MUFE, Salass took control of the Bankrupt. In October and again in November 1999, MUFE notified Salass that it would not fill any more orders after the end of that calendar year.

According to MUFE, the Bankrupt has acquired an internet site, "makeupforever.com" which refers customers to another site offering non-MUFE and inferior products. Also according to MUFE, Salass and SOHO have threatened to sell counterfeit goods under the *Make Up For Ever* trademark and MUFE logo out of SOHO's boutique located in this district.

SOHO has continued in business, selling MUFE products under the name of *Make Up For Ever*. No evidence of sales of non-MUFE products by SOHO has been adduced. According to MUFE, SOHO is under the control of Salass, but no evidence has been presented to that effect. Nor is there any evidence of consequent damage to MUFE from the use of its mark or the sale of any infringing product by SOHO.

### Discussion

#### I. The Motion to Strike the Calvey Affidavit is Denied

Calvey is counsel to SOHO. His affidavit sets forth his understanding of the events surrounding the Arizona bankruptcy and certain facts relating to the SOHO operation based upon the statements of others. Although the affidavit consists largely of hearsay, its weight and effect with respect to the determinative facts relative to the cross motion can be determined by the Court. Therefore, it will not be stricken.

#### II. The Complaint Sets Forth a Cause of Action

The complaint seeks to enjoin not only the sale of counterfeit product but also the misuse of the *Make Up For Ever* trademark as the name of the SOHO boutique, in addition to other infringements. MUFE also seeks damages from the infringement of its trademarks.

SOHO's representations, stimulated by this lawsuit, that it has not and does not intend to sell counterfeit goods, do not create a basis to dismiss even the counterfeiting claims.

While the record to date does not establish the need for injunctive relief, such relief "is

---

1. SOHO did not oppose MUFE's motion to strike Calvey's affidavit.

2. In reviewing a motion for summary judgment, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion. *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988) (citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), a court must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the

pleader." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993) (citation omitted). It is noted that, although SOHO has identified its motion to dismiss for failure to state a claim as falling under both Rule 12(b)(6) and Rule 56, because SOHO relies on materials outside the pleadings, its motion is properly treated as a motion for summary judgment. In any case, as explained herein, its motion fails under either standard.

often appropriate to prevent prospective violations of the Lanham Act." *Sherrell Perfumers, Inc. v. Revlon, Inc.,* 483 F.Supp. 188, 195 (S.D.N.Y.1980) (discussing cases). In *Upjohn Company v. Schwartz,* 246 F.2d 254 (2d Cir.1957), the defendant deliberately copied the appearance of plaintiff's drug products, creating the possibility of unauthorized substitution of defendant's products for those of plaintiff. Even though no specific instances of palming off had been shown, the court held that the plaintiff was entitled to an injunction to preclude even the possibility of such unfair competition.

> To require that ... it must be shown that the druggist did what defendant made possible for them to do, and had even suggested that they do, and which was to their profit to do, before a court of equity will intervene, runs counter to the inherent power of the court of equity to prevent an intended fraud from reaching its full fruition.

246 F.2d at 258.

In addition, although SOHO has represented that it has not and does not intend to sell counterfeit goods, "[s]urely, it cannot be that one party can deliberately infringe upon another's [trademark] and then escape liability for its action merely by changing its [trademark] after the aggrieved party institutes a lawsuit." *Spring Mills, Inc. v. Ultracashmere House, Ltd.,* 689 F.2d 1127, 1133 (2d Cir.1982), superseded by rule as stated in *Paddington Corp. v. Attiki Importers & Distributors, Inc.,* 996 F.2d 577 (2d Cir.1993).

An injunction to prevent future violations may be appropriate here at some future time and upon an appropriate showing.[3] In addition, MUFE may seek to prosecute its claim for damages and is entitled to take discovery on the issues raised in its complaint, including any sale of counterfeit product. Thus, there is no basis upon which to conclude that a cause of action has not been stated, and SOHO's motions under Rules 12(b)(6) and 56 will be denied.

---

**3.** Although MUFE has not formally renewed its application for a preliminary injunction, the

## III. *The Bankrupt Is Not An Indispensable Party*

On a motion to dismiss for failure to join an indispensable party, a court's analysis proceeds in two steps. *Associated Dry Goods Corp. v. Towers Fin. Corp.,* 920 F.2d 1121, 1123 (2d Cir.1990). First, the court must determine whether the absent party is a "party to be joined if feasible" (i.e., a "necessary party") under Rule 19(a). Only if the court determines that the party is to be joined if feasible, but cannot be joined, must the court proceed to determine whether, under Rule 19(b), the absent party is "indispensable" and the action should "in equity and good conscience" be dismissed.

Rule 19(a) sets forth the standards for determining when a party should be joined if feasible:

> A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede that person's ability to protect that interest or (ii) leave any of the parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). If a person who meets this standard cannot be joined, this Court must determine, pursuant to Rule 19(b):

> whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

Fed.R.Civ.P. 19(b). Under Rule 19(b), there are four factors to be considered: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether

Court has considered whether such relief is presently warranted and has concluded that it is not.

a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See* Fed.R.Civ.P. 19(b). Finally, in applying Rule 19 a court should generally be reluctant to dismiss a case for failure to join a party. *Jaser v. N.Y. Property Ins. Underwriting Ass'n,* 815 F.2d 240, 242 (2d Cir.1987).

■ At this time, the *Make Up For Ever* trademark and MUFE logo belong to MUFE, not the Bankrupt which may or may not have derivative distribution rights. As a result, the Bankrupt is not a necessary party under Rule 19(a)(1). *See Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 48 (2d Cir. 1996) (complete relief could be accorded even without absent party because nothing in the district court's statements or final judgment requires the absent party to do anything or change any of its positions).

■ In any case, the Bankrupt is not indispensable within the meaning of Rule 19(b) because of the doctrine that in a trademark case any member of the distribution chain can be sued as an alleged joint tortfeasor. In *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., et al.,* 647 F.2d 200 (D.C.Cir.1981), two German plaintiffs sought adjudication of their trademark infringement claims against an Australian wine producer, its Australian subsidiary, a New York importer and a District of Columbia liquor store. *Id.* at 201. The claims related to sales of the Australian defendants' wine in the United States generally and in the District of Columbia specifically. *Id.* The district court found that it lacked personal jurisdiction over the Australian defendants. *Id.* As a result, it dismissed the action against the New York distributor and the District of Columbia liquor store because the Australian defendants were supposedly "indispensable parties" under Rule 19(b). *Id.*

The Court of Appeals for the District of Columbia Circuit reversed, holding that the District of Columbia long-arm statute authorized adjudication of the trademark infringement claims against the Australian wine companies, and stating:

Even if the district court lacked adjudicatory authority over the Australian defendants, we would reinstate the claims against the [New York importer and D.C. liquor store]. Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor. *See e.g., Wells v. Universal Pictures Co.,* 166 F.2d 690, 692 (2d Cir.1948); *Grocers Baking Co. v. Sigler,* 132 F.2d 498, 502 (6th Cir.1942). Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit, commentary underscores, are not indispensable parties. *See* 3A Moore's Federal Practice P 19.14(2–4) (2d ed.1979). The district court's decision to the contrary overlooked this settled rule. In addition, the decision to the contrary overlooked the recognized philosophy of Rule 19, to avoid dismissal whenever possible. (citation omitted).

647 F.2d at 207. As noted, the District of Columbia Circuit Court specifically relied on Second Circuit precedent in reaching this result.

In *Bassett v. Mashantucket Pequot Tribe,* 204 F.3d 343 (2d Cir.2000), the plaintiff, a movie producer, asserted copyright infringement claims against a Native American tribe and a museum, among others, alleging that the tribe and the museum copyrighted her movie script without her consent and used it to produce their own film. *Id.* at 345–46. The district court dismissed the copyright claims against the tribe and museum for lack of subject matter jurisdiction, dismissed the state law claims against the defendant tribe pursuant to the doctrine of tribal immunity, and dismissed all of the claims against the non-tribal defendants, including the museum, upon concluding that the tribe was an "indispensable party" under Rule 19(b). *Id.* at 345. The Second Circuit affirmed the dismissal of the copyright claims against the defendant tribe, but vacated and remanded the dismissal of the claims against the non-tribal defendants. *Id.* In so doing, the Second Circuit concluded that the plaintiff could

assert her copyright infringement claim against any member of the distribution chain, and, therefore, the defendant tribe, although another tortfeasor, was not indispensable under Rule 19(b). *Id.* at 358. The court further explained that assuming plaintiff's copyright was infringed by the showing of the film at the museum, a dismissal of her claim under Rule 19(b) would "completely deprive [the plaintiff] of the opportunity to prevent further infringement." *Id.*

■ Thus, MUFE can assert its trademark infringement claims against as many or as few members of the distribution chain as it chooses. The fact that SOHO purportedly receives its products directly from the Bankrupt, does not make the Bankrupt "indispensable" under Rule 19(b). Finally, the four factors set forth in the text of the Rule do not warrant a determination that the Bankrupt is an indispensable party.

## IV. *Venue is Proper in This District*

The complaint alleges trademark infringement, unfair competition under the Lanham Act, common law unfair competition and trademark infringement and deceptive practices under state law. Whether there is the risk, or the reality, that, absent judicial relief, SOHO will sell counterfeit products out of its doors or otherwise misuse MUFE's trademark remains to be established. In trademark infringement actions where jurisdiction is not based solely on diversity of citizenship, venue is governed by the general federal venue statute, 28 U.S.C. § 1391(b), which provides in relevant part that:

> A civil action wherein jurisdiction is not founded solely on a diversity of citizenship may, except as otherwise provided by law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Thus, under Section 1391(b), venue lies in any jurisdiction in which a substantial part of the events giving rise to the claim occurred. *French Transit, Ltd. v. Modern Coupon Systems, Inc.,* 858 F.Supp. 22, 25 (S.D.N.Y.1994).

■ In trademark infringement actions, the actionable wrong takes place both where infringing labels are affixed to the goods and where confusion of purchasers is likely to occur. *See French Transit,* 858 F.Supp. at 25 (citations omitted). Within this district, courts have found that if a defendant targets the district "by advertising and actively pursues efforts to market the product by making sales presentations and selling even a relatively nominal amount of products in the District, such actions may be regarded as constituting a substantial part of events giving rise to the claim." *Id.* at 26 (summarizing Dave *Guardala Mouthpieces, Inc. v. Sugal Mouthpieces, Inc.,* 779 F.Supp. 335, 336–38 (S.D.N.Y.1991)).

■ Here, MUFE has alleged that Salass and SOHO have threatened to sell counterfeit goods under the *Make Up For Ever* trademark and MUFE logo out of SOHO's boutique located in this district. The infringing products would necessarily be sold in this district. The customer confusion caused by the infringing conduct would occur in this district. Therefore, venue is proper here.

## V. *The Stay is Denied*

While the center of gravity of this dispute appears to be in Arizona, where the bankruptcy proceeding is pending, nonetheless, a valid claim has been stated here to prevent infringement of marks which MUFE incontestably owns. Under these circumstances, there is no basis for the Court to stay this lawsuit, although the parties may well choose to delay any further proceedings here until the issues presented in the Arizona Bankruptcy Court are resolved. Thus, the motion for a stay will be denied.

## *Conclusion*

Therefore, for the reasons set forth above, the motions by MUFE are denied as are the cross-motions by SOHO.

It is so ordered.