**IA, INC., Plaintiff,**

v.

**THERMACELL TECHNOLOGIES, INC., John Pidorenko and Monroe Parker Securities, Inc., Defendants.**

**No. CIV.A. 97–40146.**

United States District Court, E.D. Michigan, Southern Division.

Nov. 10, 1997.

---

Michael P. Malley, Malley & Fett, Ann Arbor, MI, John G. Chupa, David Alberti, Chupa Law Firm, Huntington Woods, MI, for Plaintiff.

James E. Stewart, Butzel Long, Ann Arbor, MI, J. Michael Huget, Butzel Long, Detroit, MI, for Defendants.

David H. Jarvis of Singer Zamansky LLP, New York City, for Defendant Monroe Parker Securities, Inc.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE

GADOLA, District Judge.

Before the court is a motion by defendants, Thermacell Technologies, Inc. ("Thermacell"), John Pidorenko ("Pidorenko") and Monroe Parker Securities, Inc. ("Monroe"), to dismiss or transfer for improper venue, filed on July 28, 1997. For the reasons set forth below, this court will grant defendants' motion and transfer the entire case to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

### Factual Background

Plaintiff, IA, Inc., is a technological research and development company based in Ann Arbor, Michigan. It has obtained pat-

ents on "a new thermal insulation system based on the use of glass and polymeric shells," which utilize "evacuated and/or partially evacuated microspheres." Plaintiff alleges that Pidorenko approached plaintiff in March of 1992, representing himself to be a marketing and sales expert. Pidorenko allegedly offered to, *inter alia,* raise funds, conduct marketing studies and otherwise promote plaintiff's products, including the patented insulation system. Pidorenko allegedly guaranteed to "raise millions of dollars" for plaintiff and "take the company public."

To accomplish these goals, plaintiff allowed Pidorenko to analyze plaintiff's products and "proprietary trade secrets" in great detail. Pidorenko entered into a confidentiality agreement with plaintiff, effective from March 26, 1992 to March 26, 1997. Pidorenko also entered into a marketing agreement with plaintiff in January of 1993, which also provided that plaintiff would keep confidential a wide range of information relating to plaintiff's products and services.

On August 27, 1993, in accordance with the terms of the marketing agreement, plaintiff gave Pidorenko notice that the marketing agreement would be terminated in ninety (90) days. Plaintiff cited deficiencies in Pidorenko's performance under the agreement, as well as concerns that Pidorenko was failing to maintain confidentiality. The termination of the marketing agreement officially became effective on December 7, 1993. The confidentiality agreement remained in effect until March 26, 1997, pursuant to its terms.

Plaintiff alleges that on or about August 12, 1993, before plaintiff notified Pidorenko of the impending termination of the marketing agreement, Pidorenko formed and incorporated defendant, Thermacell, in the state of Florida, intending to wrongfully compete against plaintiff. Subsequently, Thermacell enlisted the help of Monroe to prepare a prospectus for an initial public offering ("IPO"). The prospectus was distributed only to a select number of southern states,

and the IPO was never registered in Michigan.

Plaintiff filed the instant complaint on May 2, 1997,[1] alleging that defendants had violated the Lanham Act by making false and misleading public statements in the prospectus and other advertisements. Plaintiff specifically alleges that Thermacell is "passing off" plaintiff's insulation system as a product of Thermacell. The complaint also includes a specific claim against Monroe for "vicarious and/or contributory liability" under the Lanham Act relating to statements made about the insulation system in the Prospectus. In addition, the complaint sets forth various state law claims against Thermacell and Pidorenko alleging, *inter alia,* unfair competition and breach of contract.

Defendants filed the instant motion to dismiss or transfer for improper venue on July 28, 1997.

Thermacell is a Florida corporation, Pidorenko is a resident of Florida and Monroe is a New York corporation.

**Discussion**

■ In suits not based solely on diversity jurisdiction, venue is controlled by 28 U.S.C. § 1391(b), which provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The parties concede that if venue is proper at all in this district, it will be pursuant to § 1391(b)(2).[2] For claims of "passing off"

1. Though the original complaint was filed on May 2, 1997, plaintiff amended the complaint on May 28, 1997. The amendments do not affect any provisions of the complaint implicated by the instant motion.

2. It is undisputed that Pidorenko was a resident of Florida when this action was filed, rendering venue improper in this district under § 1391(b)(1). In addition, neither party makes any substantial argument that venue is proper in this district under § 1391(b)(3).

under the Lanham Act, courts have found venue proper under § 1391(b)(2) in districts where confusion about the origin of the product is likely to occur because this constitutes the "events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). *See Sidco Indus., Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1346 (D.Or.1991); *French Transit, Ltd. v. Modern Coupon Sys., Inc.,* 858 F.Supp. 22, 25 (S.D.N.Y.1994). In cases with multiple defendants, venue must be proper with respect to *all* defendants. *See Vanguard Fin. Serv. Corp. v. Johnson,* 736 F.Supp. 832, 839 (N.D.Ill.1990). The application of § 1391(b)(2) to each defendant will be addressed in turn.

### A. Thermacell

Plaintiff points primarily to an Internet web site operated by Thermacell as support for the claim that venue is proper in this district as to Thermacell. Plaintiff asserts that the web site is accessible to any computer user in Michigan. The web site contains information about Thermacell's products, including the alleged misrepresentations concerning the insulation system at issue in this case. Plaintiff argues that the "passing off" of plaintiff's product as Thermacell's product has occurred in Michigan because Michigan computer users are able to view the alleged misrepresentations in this district. Plaintiff asserts that this leads to confusion in this district over the propriety of the insulation system.

Plaintiff relies on a series of recent cases where courts have found jurisdiction and venue proper based on interactive web sites. *See Maritz, Inc. v. Cybergold, Inc.,* 947 F.Supp. 1328 (E.D.Mo.1996); *Inset Sys., Inc. v. Instruction Set, Inc.,* 937 F.Supp. 161 (D.Conn.1996); *Heroes, Inc. v. Heroes Found.,* 958 F.Supp. 1 (D.D.C.1996); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D.Pa.1997). The courts in those cases found probative the fact that state residents could make purchases or contact corporate representatives via the interactive web sites. Plaintiff contends that Thermacell's web site in this case contains many of the same attributes as the web sites in the aforementioned cases. Michigan computer users can view the alleged misrepresentations concerning the insulation system, request more information about Thermacell, and even request a direct personal contact from a Thermacell sales representative through the web site.

Defendants counter by asserting that this court should not even consider the web site because plaintiff did not adequately place defendants on notice that the representations on the web site were a part of the original complaint. Defendants cite *In re Century 21–RE/MAX Real Estate Adver. Claims Litig.,* 882 F.Supp. 915, 927 (C.D.Cal.1994), for the proposition that Lanham Act claims are subject to enhanced pleading requirements akin to those contained in Fed.R.Civ.P. 9(b). Defendants claim that plaintiff's complaint mentions only the prospectus specifically.

▪ As an initial matter, this court will consider the Internet web site in making its determination of proper venue. While there is a heightened pleading standard for claims alleging misrepresentation under the Lanham Act, it is not clear exactly what the standard is. *See Barr Lab., Inc. v. Quantum Pharmics, Inc.,* 827 F.Supp. 111 (E.D.N.Y. 1993). In *Barr,* the court declined to definitively answer whether the strictures of Rule 9(b) applied to claims under the Lanham Act, and instead noted that "even if Rule 9(b) is not applicable, [plaintiff] is required to state generally the content of the alleged misrepresentations." *Id.* at 118. Plaintiff's complaint in this case more than adequately states the content of the alleged misrepresentations, especially relating to the insulation system. While the complaint does not refer to the web site directly, it does refer to "advertisements" and the prospectus. The statements appearing on the web site are substantially similar to those appearing in the prospectus, and plaintiff has pointed out clearly the type of statements it alleges support a Lanham Act claim. *See* plaintiff's amended complaint, ¶¶ 33–42. Moreover, *Century 21* can be distinguished from the instant case, in that plaintiffs in *Century 21* were seeking to introduce a "new claim of falsehood" the content of which did not appear in the original complaint. *Century 21,* 882 F.Supp. at 927. In this case, the content of the claim of falsehood is the same. The

"new" claim merely delineates what is encompassed by "advertisements."

Defendants next assert that even if this court were to consider the web site, the cases relied upon by plaintiff all rested upon a determination that venue was proper under § 1391(b)(1), and not § 1391(b)(2). In other words, the courts in those cases first determined that *jurisdiction* was proper under a purposeful availment test. The courts then looked to § 1391(c), which provides that a corporation is deemed to be a resident in any district where it is subject to personal jurisdiction. As a result, the courts found venue proper in each case pursuant to § 1391(b)(1) because all defendants resided in the same state. Defendants contend that § 1391(b)(1) cannot be the basis for a finding that venue is proper in this district in this case because Pidorenko is an individual who resided in Florida at the time this action was commenced.

■ This court rejects defendants' argument. While defendant may be technically correct in asserting that the web site cases relied upon by plaintiff are not directly on point, they are still instructive, and ultimately support a finding that venue is proper in this district as to Thermacell. The cases are based on the proposition that Lanham Act claims are properly brought where the confusion relating to the "passing off" occurs. The alleged misrepresentations that underlie the Lanham Act claim appear on an interactive web site in Michigan, which is also where the plaintiff's similar products are located. In *Sidco Indus., Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343 (D.Or.1991), the court found that a targeted mailing containing alleged trademark infringement mailed from one state to another was sufficient to support a finding of proper venue in a trademark action in the state where the mailing was received. The court reasoned that the district where the mailing was received, which was also where plaintiff's business was located, was a district were the impact of the misrepresentations was likely to be substantial. As a result, the court found that the district where the mailings were received constituted the place where "a substantial part of the acts or omissions giving rise to the claim occurred," which supported a finding of proper venue under § 1391(b)(2). As the court in *Inset* noted, Internet advertisements are much more powerful and permanent than television or newspaper advertisements, and are much more likely to have a lasting effect. *See Inset,* 937 F.Supp. at 163. This view strengthens an argument under *Sidco* that venue is proper in this district pursuant to § 1391(b)(2) in this case. As a result, this court finds that venue is proper in this district with respect to Thermacell.[3]

### 2. Monroe

To establish that venue is proper in this district as to Monroe, plaintiff relies almost exclusively on the prospectus Monroe prepared for Thermacell's IPO. The prospectus contains many of the alleged misrepresentations that appear on the Internet web site, which plaintiff contends provide the basis for a claim against Monroe under the Lanham Act because Monroe knew or should have known that these representations were un-

**3.** In addition to the Internet web site, plaintiff attempts to further bolster its claim that venue is proper in this district as to Thermacell by pointing to statements made in the prospectus, and to statements made by Thermacell through Pidorenko, its chief executive, to its patent counsel located in Ann Arbor, which eventually were submitted to the Patent and Trademark Office in Washington, D.C. This court finds neither avenue particularly helpful to plaintiff. As will be discussed more fully, *infra,* with respect to Monroe, the prospectus was not distributed in Michigan, and Thermacell's IPO was not registered in Michigan. As a result, the prospectus will not support a claim that venue is proper in Michigan. As for the statements made to Thermacell's patent counsel, they are not the basis for plain-

tiff's Lanham Act claims. The Lanham Act is directed at false advertising and promotion, not at false patent claims. *See Lang v. Pacific Marine & Supply Co.,* 703 F.Supp. 1404, 1411 (D.Haw.1989), *aff'd,* 895 F.2d 761 (Fed.Cir. 1990). The statements made to Thermacell's counsel were not advertisements or promotions, and even if they are tangentially related to advertising and promotion, they were made public in front of the Patent Office in Washington, D.C. As such, these statements cannot form the basis of a finding that venue is proper in this district under § 1391(b)(2).

Though plaintiff's reliance on these two arguments is misplaced, venue is still proper in this district as to Thermacell under § 1391(b)(2) based on its Internet web site.

true. Plaintiff argues that the prospectus was available to Michigan residents, and that the IPO was advertised to Michigan residents on the Internet. Plaintiff contends that, because Monroe's statements were available to Michigan residents, the events that give rise to its claim against Monroe occurred in Michigan, establishing proper venue in this district under § 1391(b)(2).

Defendants contend that the prospectus was only distributed to a small number of southern states, not including Michigan, and that the IPO was never registered in Michigan. Defendants assert that, in order to secure a copy of the prospectus, Michigan residents had to contact a stockbroker outside of Michigan. Defendants argue that the fact that the prospectus is generally available in the flow of commerce does not necessarily lead to a finding that venue is proper in this district as to Monroe. *See French Transit,* 858 F.Supp. at 27 (citing *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

■ This court finds that defendants' argument should prevail as to Monroe. First, the prospectus was never directed specifically to Michigan residents, and the fact that it may have been available through other means does not support a finding of proper venue in this district. *Id.* Second, this court does not accept plaintiff's argument that statements that appeared on Thermacell's web site somehow subject Monroe to venue in this district. The Internet site is operated by Thermacell, and not Monroe. As noted by the United States Supreme Court in *Leroy v. Great Western United Corp.,* 443 U.S. 173, 183–84, 99 S.Ct. 2710, 2716, 61 L.Ed.2d 464 (1979), "the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Here, because Monroe has not specifically directed any of its activities toward Michigan residents, forcing Monroe to defend this action in this district would be unfair. Therefore, this court finds that venue is not proper in this district as to Monroe.

### 3. Pidorenko

■ Plaintiff's argument that venue is proper in this district as to Pidorenko is primarily based on the state law claims in this action. The claims for breach of contract and fraudulent misrepresentation are based on activities in which Pidorenko was engaged in Michigan while employed under the marketing agreement. There is little doubt that, as to those claims, the events giving rise to the claims occurred in this district.

Defendant argues that the focus of this court's inquiry ought to be on the Lanham Act claims, relying on *Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 295 (3rd Cir.1994). While this is generally the case, venue is proper in this district as to Pidorenko nonetheless. The court in *Cottman* still considered state law claims in making its venue determination, even though it noted its focus was on the Lanham Act claims. *Id.* As a result, this court finds venue proper as to Pidorenko in this district.

### 4. Remedy

As discussed above, this court finds that venue is proper in this district under § 1391(b)(2) with respect to Thermacell and Pidorenko, but not proper with respect to Monroe. Because venue must be proper with respect to *all* defendants (*see Vanguard Fin. Serv. Corp. v. Johnson,* 736 F.Supp. at 839), this court has two options.[4] As noted by the court in *Cottman,* this court can transfer the entire case to another district where venue is proper for all defendants, or it can sever the claims in the case, retaining jurisdiction over the defendants as to whom venue is proper, and transferring the other claims. *Cottman,* 36 F.3d at 296.

■ As an initial matter, there is another forum where venue is proper as to all defendants in this case, namely the Middle District of Florida. Both Pidorenko and Thermacell are residents of Florida. Monroe, as author of the prospectus which was distributed in

---

4. In addition to its other options, this court is entitled to dismiss this action (*see* 28 U.S.C. § 1406(a)), but given the circumstances of this case, namely that an alternate appropriate forum can easily be found, dismissal in this case is not appropriate.

Florida would be subject to personal jurisdiction in Florida. As noted by the Sixth Circuit in *Theunissen v. Matthews,* 935 F.2d 1454, 1460 (6th Cir.1991), personal jurisdiction over a defendant is established by "purposeful availment by the defendant of the privilege of acting in, or causing consequences in, the forum state...." The act of distributing the prospectus directly to Florida residents in an attempt to encourage them to invest in Thermacell clearly constitutes the purposeful availment necessary to establish jurisdiction in Florida. Monroe would be deemed a resident of Florida pursuant to § 1391(c), which provides that corporations are deemed to be residents in districts where they are subject to personal jurisdiction. As a result, venue in this case would be proper in the Middle District of Florida pursuant to § 1391(b)(1).

█ The court in *Cottman* also set forth the test used to determine whether severance of claims is proper. "When the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion." *Id.*

█ In this case, severing the claims against Monroe would not be proper. The conduct of Thermacell, namely whether it made misrepresentations concerning the propriety of the insulation system, is central to the claim against Monroe, that is that Monroe actively aided in the dissemination of representations it knew or should have known were untrue. In fact, count II of plaintiff's complaint is framed as a claim for vicarious or contributory liability under the Lanham Act. That would seem clearly to indicate that Thermacell's conduct is central to any claim against Monroe.

As a result, this court will transfer the entire action to the Middle District of Florida, where venue would be proper with respect to all defendants, pursuant to 28 U.S.C. § 1406(a).

Accordingly, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the above-captioned action is **TRANSFERRED,** in its entirety, to the Middle District of Florida, Tampa Division.

**SO ORDERED.**