OVERLAND, INC., d/b/a Smithy Company, a Michigan corporation, Plaintiff,

v.

John TAYLOR, an individual, Shop–Task, Inc., a Washington corporation, International Technologies, Inc., a Washington corporation, Shop Master's Journal, Inc., a Washington corporation, Shoptask Marketing, Inc., a Washington corporation, Defendants.

No. Civ.A. 98–40430.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 20, 2000.

**810**

James M. Cameron, Jr., Andrew J. McGuinness, Dykema Gossett, Ann Arbor, MI, Michael C. Walsh, Smithy Co., Ann Arbor, MI, for plaintiff.

Michael W. Edmunds, Gault, Davison, Flint, MI, G. Perrin Walker, Vandeberg, Johnson, Tacoma, WA, for defendant.

### MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Defendants' Motion to Dismiss for Improper Venue, or Alternatively, for Change of Venue filed on August 3, 1999. For the reasons set forth below, this Court **GRANTS** Defendants' motion insofar as it seeks to transfer this civil action and **DENIES** Defendants' motion insofar as it seeks to dismiss this civil action, and **TRANSFERS** this civil action to the United States District Court for the Western District of Washington.

### Factual Background

Plaintiff Overland, Inc., d/b/a Smithy Company, is a Michigan corporation that markets and sells multi-purpose metalworking machines and accessories for personal, family, household, and business use. First Amended Compl. ¶ 11, at 3. Defendants' business competes with Plaintiff's business. According to Plaintiff, Defendants Shop–Task, Inc., International Technologies, Inc., Shop Master's Journal, Inc., and Shoptask Marketing, Inc. are Washington corporations with their principal place of business in Tacoma, Washington. *Id.* ¶¶ 3–6, at 2. Defendant John Taylor is a resident of Washington and allegedly is responsible for managing the other Defendants. *Id.* ¶ 2, at 2.

Allegedly false statements made by Defendant Shop–Task, Inc. about Plaintiff began on or about December 1, 1994 when Plaintiff was an Oregon corporation. First Amended Compl. ¶ 28, at 6; Defs.' Mot. at 2. In 1995, Plaintiff moved from Oregon to Michigan. Defs.' Mot. at 2.

Plaintiff filed its original Complaint on December 22, 1998 here in the Eastern District of Michigan. On March 30, 1999, Plaintiff filed its First Amended Complaint which contains the following claims for relief: unfair competition and deceptive advertising under the Lanham Act (Count I); Michigan False Advertising Act (Count II); Michigan Consumer Protection Act (Count III); common law fraud (Count IV); and tortuous interference with business prospects (Count V).

Defendants now move this Court to dismiss the case for improper venue, or alternatively, to change venue to the United States District Court for the Western District of Washington.

### Discussion

**1. Standard**

**a. Venue**

 In civil actions not based solely on diversity jurisdiction, venue is controlled by Title 28, United States Code, Section 1391, which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant

may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Venue may be proper in more than one judicial district under section 1391.

■ In cases with multiple defendants, venue must be proper with respect to *all* defendants. *See IA, Inc. v. Thermacell Technologies, Inc.,* 983 F.Supp. 697, 700 (E.D.Mich.1997) (Gadola, J.). Once an objection to venue has been raised, Plaintiff bears the burden of establishing that venue is proper. *See French Transit Ltd. v. Modern Coupon Systems, Inc.,* 858 F.Supp. 22, 25 (S.D.N.Y.1994). Thus, Plaintiff bears the burden of establishing that a substantial part of the events giving rise to the lawsuit occurred in the Eastern District of Michigan.

■ The test for determining venue under section 1391(b)(2) depends on the location of the "events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2); *Cottman Transmission Systems, Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir.1994). The relevant question regarding venue is "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enterprises Corp. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir.1994). The requirement of "substantiality" is to prevent the unfairness of a defendant being "haled into a remote district having no real relationship to the dispute." *Cottman,* 36 F.3d. at 294; *see Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir.1995).

For claims of "passing off" under the Lanham Act, courts have found venue proper under section 1391(b)(2) in judicial districts where confusion about the origin of the product is likely to occur because this constitutes the "events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). *See Thermacell,* 983 F.Supp. at 699–700; *French Transit,* 858 F.Supp. at 25; *Sidco Indus., Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1346 (D.Or.1991). Many courts look to whether a defendant has targeted the judicial district with ad-

vertisements and whether products were marketed and sold in that district. *See, e.g., G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.,* 1998 WL 78292 *2 (S.D.N.Y. Feb. 24, 1998); *Pilates, Inc. v. Pilates Institute, Inc.,* 891 F.Supp. 175, 182–83 (S.D.N.Y.1995); *French Transit,* 858 F.Supp. at 26; *Radical Products, Inc. v. Sundays Distributing,* 821 F.Supp. 648, 649 (W.D.Wash.1992); *United States v. Hartbrodt,* 773 F.Supp. 1240, 1242–43 (S.D.Iowa 1991).

**b. Transfer**

■ According to Title 28, United States Code, Section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts have broad discretion to grant or deny a motion for transfer of venue under 1404(a). *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989). The factors that guide a district court's discretion when deciding whether to transfer a case include,

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Pilates,* 891 F.Supp. at 183.

According to Title 28, United States Code, Section 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### 2. Analysis

The question before this Court is whether venue is proper in this judicial district. The parties agree that only under section 1391(b)(2) could venue be considered proper in this judicial district. *See, e.g.,* First Amended Compl. ¶ 11, at 3; Defs.' Mot. at 4. Pursuant to section 1391(b)(1), venue would be proper in the judicial district of the United States District Court for the Western District of Washington because all Defendants apparently reside in Washington and at least one resides in that judicial district. Section 1391(b)(3) does not apply to this case because there is at least one other judicial district in which this civil action may be brought.

■ As this Court stated in *IA, Inc. v. Thermacell Technologies, Inc.,* 983 F.Supp. 697, 700 (E.D.Mich.1997) (Gadola, J.), venue must be proper with respect to *all* defendants in cases with multiple defendants.

■ Defendants here have made the Court's task of determining the appropriateness of venue with respect to each Defendant difficult because they lumped themselves together for purposes of their motion and brief. Nevertheless, according to Defendants the combined sales for all Defendants in all of Michigan (both Western and Eastern Districts) from 1990 to June 1999 was three percent (3%) of Defendants total sales for this period. Defs.' Mot. at 8. Defendants state that for the period from 1995 to June 1999—the time since Plaintiff moved from Oregon—Defendants' combined sales in the Eastern District of Michigan were approximately one percent (1%) of their total sales. *Id.* No Defendant has had an office, employees, or sales agents in Michigan. *Id.* Defendants assert that they have not targeted the Eastern District of Michigan with advertisements. *Id.*

Defendants insist that there is no evidence linking Defendants John Taylor, International Technologies, Inc., Shop Master's Journal, Inc., and Shoptask Marketing, Inc. to Michigan. Defs.' Mot. at 8. Only Defendant Shop–Task, Inc. has had some contact with Michigan. While the test for venue is not Defendants' contacts with a particular district, *see Cottman,* 36 F.3d at 294, a "substantial part of the events or omissions giving rise to the claim" is unlikely to have occurred in this judicial district given such minimal contacts. Because venue is not proper for at least four of the five Defendants, venue is not proper for the whole civil action.

Plaintiff asserts that Defendants have targeted their marketing efforts at this district by operating an interactive web site and by direct mail advertisements. In *Thermacell,* this Court held that maintaining a web site that is available within a given judicial district and on which alleged misrepresentations appear is sufficient for finding venue under section 1391(b)(2). *See* 983 F.Supp. at 701. *Thermacell* is unavailing here on this point, however, because Plaintiff has not produced any evidence of disparaging misrepresentations appearing on the web site and, therefore, Plaintiff has not shown that the web site provides a "substantial part of the events or omissions giving rise to the claim." In addition, Plaintiff has not shown which Defendant maintained the web site.

Plaintiff has produced some advertisements allegedly sent to Michigan residents. These few brochures seem to fall short of establishing that a "substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. Defendants admit that they have advertised in nationwide publications. While advertising in national trade publications is given some weight in considering venue, *D'Anton Jos, S.L. v. Doll Factory, Inc.,* 937 F.Supp. 320, 322 (S.D.N.Y.1996), it is not alone sufficient. Plaintiff has not provided any evidence of Defendants' national advertisements.

This Court finds that Plaintiff has not met its burden of showing that venue is proper in this judicial district under § 1391(b)(2). Even if Plaintiff could be considered to have shown that venue is

proper as to Shop–Task, Inc., the one Defendant which apparently has engaged in some activity in Michigan, venue must be proper with respect to *all* Defendants, which Plaintiff has not shown.

Therefore, this Court may (1) dismiss this action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue is proper for all Defendants pursuant to 28 U.S.C. § 1406(a), or (3) sever the claims in the case, retain jurisdiction over the Defendant for whom venue is proper, and transfer the other claims. *See Cottman*, 36 F.3d at 296.

 This Court will not dismiss this civil action for lack of venue because an alternate appropriate forum easily can be found, namely the judicial district of the United States District Court for the Western District of Washington. Defendant Taylor is a resident of Washington, who apparently resides within the boundaries of the judicial district of the Western District of Washington. The remaining Defendants allegedly are Washington corporations also located within the Western District of Washington. Defendants are residents of Washington pursuant to § 1391(c), which provides that corporations are deemed to be residents in districts where they are subject to personal jurisdiction. Personal jurisdiction over a defendant is established by "[p]urposeful availment by the defendant of the privilege of acting in, or causing consequence in, the forum state...." *Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir.1991). Each Defendant has purposefully availed himself or itself in a manner sufficient to establish jurisdiction in the Western District of Washington. Therefore, venue in this case would be proper in the Western District of Washington pursuant to § 1391(b)(1).

 In this case, severing the claims would not be proper. "When the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion." *See Cottman*, 36 F.3d at 296.

Therefore, this Court will transfer the entire civil action to the United States District Court for the Western District of Washington, where venue would be proper with respect to all Defendants, pursuant to 28 U.S.C. § 1406(a).

**Conclusion**

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendants' motion [Docket Entry 25] is **GRANTED** in part and **DENIED** in part, and this civil action shall be **TRANSFERRED** to the United States District Court for the Western District of Washington.

**SO ORDERED.**