**Lenesday L. THOMAS, Plaintiff,**

v.

**HOME DEPOT, U.S.A., INC., Defendant.**

**No. CIV. 00–40399.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 27, 2001.

Barry D. Adler, Barry D. Adler Assoc., Farmington Hills, for plaintiff.

Roger F. Wardle, Secrest, Wardle, Farmington Hills, for defendant.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Defendant's motion for change of venue [docket entry 6]. On February 21, 2001, the Court conducted a hearing in open court on this matter. For the reasons set forth below, the Court grants Defendant's motion.

## I BACKGROUND

Defendant owns a string of hardware stores. Plaintiff is a resident of Michigan and was a shopper in one of those stores. Plaintiff brings suit against Defendant to recover for alleged injuries that Plaintiff suffered on June 16, 1999 at Defendant's store in Fayetteville, Georgia. Plaintiff alleges that he walked into a roll of fencing and injured his arm. Plaintiff has sought medical attention for that injury both in Michigan and in Georgia.

Plaintiff began this action by filing suit in the Circuit Court for the County of Wayne in October, 2000. Defendant properly removed the case to this Court on November 16, 2000. Defendant now moves pursuant to 28 U.S.C. § 1404(a) for the Court to order a change of venue to the U.S. District Court for the Northern District of Georgia.

## II LEGAL STANDARD

Under § 1404(a), the Court may transfer a civil action to "any other district or division where it might have been brought." *United States v. P.J. Dick Inc.*, 79 F.Supp.2d 803, 805–06 (E.D.Mich.2000) (Gadola, J.) (quoting § 1404(a)). In making this decision, the Court must determine whether: (1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience. *Id.* The moving party bears the burden of demonstrating that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Rowe v. Chrysler Corp.*, 520 F.Supp. 15, 16 (E.D.Mich.1981). The movant must make this showing by a preponderance of the evidence. *International Union, U.A.W. v. Aluminum Co. of Am.*, 875 F.Supp. 430, 433 (N.D.Ohio 1995).

## III ANALYSIS

The parties agree that Plaintiff could have brought this action in the Northern District of Georgia. (Resp. at ¶ 6; Mot. at ¶ 6.) The Court therefore moves to the second and third prongs of analysis. In making this assessment, the Court must weigh the:

(1) parties' convenience;

(2) witnesses' convenience;

(3) relative ease of access to sources of proof;

(4) availability of process to compel attendance of unwilling witnesses;

(5) cost of obtaining willing witnesses;

(6) practical difficulties associated with trying the case quickly and inexpensively; and

(7) interests of justice.

*Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 398 (E.D.Mich.1994) (Gadola, J.) (citation omitted). To establish these factors, parties should support their assertions with citations to the record; conclusory allegations of a party will not suffice. *See Firkus v. Soo Line R.R. Co.*, No. 96 C 3714, 1996 WL 568803, at *3 (N.D.Ill. Oct.2, 1996); *Johnson v. Zarefoss*, 198 F.Supp. 548, 551 (E.D.Pa.1961).

## A. THE PARTIES' CONVENIENCE

■ Regarding the parties' convenience, courts grant substantial deference to a plaintiff's chosen forum, especially where, as here, the plaintiff lives in his chosen jurisdiction. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.*, 42 F.Supp.2d 821, 833 (N.D.Ill.1999). A plaintiff's chosen forum, however, is not sacrosanct, and will not defeat a well-founded motion for a change of venue. *Kepler*, 860 F.Supp. at 399. This jurisdiction is Plaintiff's chosen forum, and that consideration militates against Defendant's motion.

■ Defendant is incorporated under the law of Delaware and has its principal place of business in Georgia. Thus, Georgia would be a more convenient forum for Defendant. Plaintiff is a private citizen who resides in Michigan. Plaintiff claims to be on a fixed income and unable to afford travel costs from Michigan to Georgia and back. Plaintiff's limited resources weigh against a change of venue because the relative financial strength of the parties is a legitimate consideration in this analysis. *See Adair v. Hunt Int'l Resources Corp.*, 526 F.Supp. 736, 743 (N.D.Ill.1981); 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3849 (2d ed.1986) [hereinafter Wright, Miller, & Cooper]. Because Plaintiff never substantiated his financial condition with any exhibits, however, the Court does not place great weight on this consideration. In short, the Court accepts that Plaintiff has less money than Defendant, but Plaintiff

has put the Court in no position to conclude that traveling to Georgia for a trial would pose a hardship for Plaintiff.

The law of Georgia would apply to this case, which weighs in favor of Defendant's motion. *See Kepler*, 860 F.Supp. at 399.

In light of the above considerations, the Court concludes that the parties' convenience does not weigh strongly in favor of, or against, Defendant's motion.

## B. WITNESSES' CONVENIENCE

■ Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a). *Hunt v. TACA Int'l Airlines, S.A.*, No. 93–3723, 1994 WL 285023, at *2 (E.D.La. June 22, 1994). In weighing the convenience of the witnesses, more important than the raw numbers of witnesses living in a particular jurisdiction is the residence of the key witness or witnesses. *SMI–Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d 1101, 1105 (S.D.Tex.2000). One chief witness's convenience, in fact, may outweigh the convenience of other, less significant witnesses. *Id.* (citations omitted). This is why the parties should provide each witness's name and an outline of what material testimony that witness would provide. *See Firkus*, 1996 WL 568803, at *3; *see also Danuloff v. Color Center*, No. 93–CV–73478, 1993 WL 738578, at *3 (E.D.Mich. Nov.22, 1993) (noting that a defendant specified the identity of potentially-inconvenienced witnesses and the nature and significance of their testimony). Only when the Court is armed with such information can it properly assess the convenience of the witnesses.

■ Defendant avers that a change in venue is warranted because all fact witnesses except Mr. Thomas, evidence, and the accident scene, are in or near Fayetteville, Georgia. (Def. Br. at 5.) Defendant supports this assertion with an exhibit showing that Plaintiff received medical care after the alleged incident at the Geor-

gia Baptist Urgent Care Center in Fayetteville by Dr. Patricia Putman (Pl.Ex. A) and an exhibit showing that Plaintiff suffered a puncture wound in Defendant's Fayetteville store (Pl.Ex. B). Defendant further supports its assertions with an exhibit showing that witnesses Brian Devine, Mark Ellis, and Carl Etheridge work in the Fayetteville store. (Pl.Ex. A.) Defendant's exhibits also provide an approximation of what sort of testimony Dr. Putman, and Messrs. Devine and Ellis, might provide at trial.

Defendant's four known-witnesses are listed above. Defendant argues that all of its witnesses would have to be "interviewed, deposed, and, in the event there is a trial, present at trial." (Def. Br. at 6.) Defendant further contends that these four witnesses "are the most critical and material witnesses ... because they are able to testify about what was happening in the Fayetteville Home Depot on June 16, 1999, what Plaintiff said about this incident, what level of medical treatment was necessary, the layout of the store and aisle, and the position of the chain link fence and pallet Plaintiff walked into." (Def. Reply Br. at 3.) Thus has Defendant identified its key witnesses and, as discussed above, provided the general substance as to the testimony of three of them.

Plaintiff retorts that most fact witnesses are in Michigan. Plaintiff buttresses this allegation with his sworn affidavit, in which he specifically names three physicians in Michigan who have attended to his wound. (Aff. of Lenesday Thomas at ¶ 2.) Plaintiff never alleges that any of these doctors would be witnesses, but the Court draws that reasonable inference from the affidavit. Because Plaintiff provides no information as to the nature and significance of their material testimony, however, the Court does not credit this affidavit.

The same can be said of the affidavit that Plaintiff adduced at the hearing. Although Plaintiff lists six fact witnesses, all of whom are friends or family of Plaintiff, and five of whom reside in Michigan, Plaintiff fails to explain what material testimony, if any, these proposed witnesses would provide. The Court therefore refuses to weigh the convenience of these witnesses.

Plaintiff provides no further support in the record, moreover, for his position. He does swear that he has "many witnesses in support of [his] claim, including [his] family, friends, and fact witnesses who are all residents of the State of Michigan." (Aff. of Lenesday Thomas at ¶ 4.) That assertion, even though made under oath, is a mere conclusory allegation, upon which the Court will not rely for purposes of this motion. Cf. Firkus, 1996 WL 568803, at *3 (reasoning that "one would have expected the defendant to reply with a list of key witnesses to be called and the substance of their testimony").

In short, Plaintiff has identified several witnesses, but has provided no information as to their material testimony or who among them may be a key witness. Defendant, conversely, has identified at least three key witnesses and indicated the material testimony that they would provide.

Plaintiff nonetheless argues that "the party witnesses or witnesses who are employed by Defendant carry no weight in the balance of convenience analysis under 28 U.S.C. § 1404(a) ... since Defendant would be obligated to procure attendance of its own employees for trial." (Pl. Br. at 4.) Plaintiff cites *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192 (D.Del.1998) in support of this contention.

Defendant retorts that no authority in this jurisdiction supports that contention. (Def. Reply Br. at 2.) In fact, maintains Defendant, several decisions in the Eastern District of Michigan have considered the convenience of witnesses who were also employees of the defendant corporation. Defendant's assertion is correct. *See, e.g., MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C.*, 23 F.Supp.2d 729,

740 (E.D.Mich.1998) (Gadola, J.); *Kepler,* 860 F.Supp. at 399.

Defendant has the better side of this argument for two reasons. First, the plain language of § 1404(a) relates that the statute exists for "the convenience of parties and witnesses." 28 U.S.C.A. § 1404(a) (West 2000). The word "witnesses" is unqualified. It thus seems that Congress never evinced an intent to protect only non-employee witnesses. This construction of the statute also has the benefit of logic. It may be no less inconvenient for a witness who happens to work for a defendant corporation to travel hundreds of miles for judicial proceedings than it would be for any other witness to do so.

Second, a thorough analysis of Plaintiff's position reveals its weakness. Plaintiff provides no page citation to *Affymetrix,* which is the lone case he cites in support of his position. The Court's examination of the case—an examination that Plaintiff should have conducted for himself—reveals that *Affymetrix* relies solely on *Sunds Defibrator, Inc. v. Durametal Corp.,* No. 96–483, 1997 WL 74660, at *3 (D.Del. Jan.31, 1997) for the proposition that "party witnesses ... carry no weight in the 'balance of convenience.'" *Affymetrix,* 28 F.Supp.2d at 203. The *Sunds* court, in turn, relied upon *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). *Sunds,* 1997 WL 74660, at *3.

The *Jumara* opinion, for its part, relies on 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper § 3851, at 420–22 for the proposition that convenience of the witnesses matters only to the extent that those witnesses may be unavailable for trial in one of the fora. *See Jumara,* 55 F.3d at 879. *Jumara* was an underinsured-motorist case in which the Third Circuit did not discuss the existence of the defendant's employee-witnesses. It follows that the *Jumara* court's enunciation of this point was dictum.

The Court nonetheless examines the fountainhead of Plaintiff's assertion that the convenience of witnesses who work for a defendant corporation is irrelevant to the balance-of-convenience analysis. That source is, as stated above, 15 Wright, Miller, & Cooper § 3851, which enunciates the proposition that "transfer *may be* denied when the witnesses ... are employees of a party and their presence can be obtained by that party." *Id.* at 420–23 (emphasis added).

Thus, after tracing Plaintiff's assertion, "that witnesses who are employed by Defendant *carry no weight* in the 'balance of convenience'" to its purported roots, the Court discovers a text stating a very different principle: that "transfer *may be* denied when the witnesses ... are employees of a party and their presence can be obtained by that party" (emphasis added). Plaintiff's unconditional allegation that the convenience of witnesses employed by a defendant corporation is irrelevant, therefore, ultimately is without foundation.

The Court generally agrees, however, with the tenet stated by Wright, Miller, & Cooper. A witness, for example, accustomed to traveling for his corporation, and for whom the corporation would bear travel expenses, may face little inconvenience in traveling to a distant jurisdiction. Such were the circumstances in several cases in which a court placed little weight on the convenience of employee witnesses. *See, e.g., Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1396–98 (S.D.Tex.1992). A defendant's employee-witness who would lose wages during his time away from work, however, might very well face an undue hardship in testifying in a distant court such that a change in venue would be appropriate. *See, e.g., Martz v. Archer-Daniels-Midland Co.,* No. 94 C 5057, 1995 WL 348046, at *1 & n. 4 (N.D.Ill. June 6, 1995) (reasoning that the defendant's employees would suffer lost wages and the defendant would incur costs because of their absence).

The Court concludes that this factor favors Defendant because, although Defendant has made a limited showing that

would establish the inconvenience of its witnesses were this case to proceed here, Plaintiff has made no countervailing demonstration.

## C. ACCESS TO SOURCES OF PROOF

Defendant argues that access to sources of proof weighs in favor of transfer because "it will be necessary to view the accident scene in this case. Measurements and photographs must be taken of the aisle. Plaintiff Thomas and the attorneys in this case will have to attempt to recreate what the scene looked like on June 16, 1999. . . . If this suit remains in Michigan, the scene would be 763 miles away." (Def. Br. at 6.)

Plaintiff responds that "photographs are more than adequate to provide a court and jury with the background of this case, and no unusual circumstances are shown by Defendant to indicate that the trial judge in the proposed transferee court would order a jury to view the accident scene." (Pl. Br. at 6.)

■■■ Regarding the necessity of viewing the accident scene, very few negligence cases require such a viewing. 15 Wright, Miller, & Cooper, § 3854, at 463. Photographs and evidence are usually adequate to acquaint a jury with the accident site. *Id.* Absent a showing by the movant that a view of the locality would be useful, the Court will not weigh the possibility of a jury's view of the scene. *Id.* Here, the Defendant has made no showing as to why a view of the accident scene is important. The Court, therefore, will not consider proximity to the accident scene.

Moreover, if, as Defendant plans to do, the parties introduce measurements and photographs of the accident scene, that should suffice to make the jury familiar with the site of the accident in this case. *Id.; see also Sell v. Greyhound Corp.,* 228 F.Supp. 134, 136 (E.D.Pa.1964) (concluding that photos were sufficient to give the jury a background of an accident scene).

Defendant has not shown that this factor militates in favor of a change of venue.

## D. AVAILABILITY OF PROCESS TO COMPEL ATTENDANCE OF UNWILLING WITNESSES

■■■ The upshot of the parties' submissions is that this Court and the U.S. District Court for the Northern District of Georgia would each be able compel some witnesses but not others. Three of the four witnesses Defendant names are Defendant's employees. The Court will not consider the availability of compulsory process as it relates to a defendant's employees. *See Minstar, Inc. v. Laborde,* 626 F.Supp. 142, 148–49 (D.Del.1985). Regarding the fourth witness Defendant names, Dr. Putman, Defendant has made no showing that her live testimony is necessary, nor has it shown that she would be unwilling to testify voluntarily. The Court therefore concludes that Defendant has not shown that this factor favors its motion. *See id.; see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989) (reasoning that "vague generalizations" do not establish the need for compulsory process).

## E. COST OF OBTAINING WILLING WITNESSES

■■■ Defendant asserts that, were the case to proceed here, "[r]ound trip airline tickets would have to be purchased for at least five witnesses. This is balanced against Plaintiff's need to travel infrequently to Georgia for the progress of the case if venue is changed." (Def. Br. at 6–7.)

Plaintiff responds that Defendant can better afford to transport witnesses than Plaintiff, and that he would have to buy airline tickets for all of his lay witnesses and physicians were the trial in Georgia. (Pl. Br. at 6.)

Defendant supports its position slightly. It has established that it has at least three material fact witnesses in Georgia. The

Court may take judicial notice that those witnesses could have to be transported here, and that such transportation would cost money.

Plaintiff, as discussed above, has provided no evidence from the record showing that he has any material fact witnesses, nor has Plaintiff adduced evidence of his precise income. The Court nonetheless concludes that a single person would have more financial difficulty in transporting witnesses than would a corporation like Home Depot.

Because Plaintiff has not adequately supported the existence of material fact witnesses that would have to travel, and Defendant has, however, the Court concludes that this factor weighs in favor of transfer.

## F. PRACTICAL DIFFICULTIES ASSOCIATED WITH TRYING THE CASE QUICKLY AND INEXPENSIVELY AND THE INTERESTS OF JUSTICE

Plaintiff relies upon the previously-discussed factors to illustrate the practical problems inherent in proceeding in Michigan and why a change of venue would serve the interests of justice. The Court thus places no weight on these factors per se.

■ Plaintiff argues that the transportation costs for his lawyer would be prohibitive, and that such a factor is relevant when it bears on litigation costs. (Pl. Br. at 7.) Inconvenience to a lawyer, by itself, is irrelevant to this analysis. *See Fox v. Massey–Ferguson, Inc.*, No. 93–CV–74615, 1995 WL 307485, at *5 n. 4 (E.D.Mich. Mar. 14, 1994) (Zatkoff, J.). Lawyers often travel all over the globe in the course of judicial proceedings, and local counsel is usually the best remedy to the expenses inherent in such travel. *See Babbidge v. Apex Oil Co.*, 676 F.Supp. 517, 522 (S.D.N.Y.1987). There is, however, authority for the proposition that, where the inconvenience to counsel bears directly on litigation costs, a court may consider that matter. *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D.Ill.1979).

Plaintiff, however, provides no support in the record that his lawyer's transportation costs would be prohibitive were the case to proceed in Georgia. Because Plaintiff provides no more than his conclusory allegation on this point, the Court disregards this argument.

## IV CONCLUSION

In light of the factors discussed above, the Court holds that Defendant has shown that fairness and practicality strongly favor the forum to which transfer is sought. Particularly relevant to this conclusion is the observation that Defendant has made the case that a few of its material witnesses would suffer inconvenience if the case were to proceed here, while Plaintiff has failed to adduce that he has any material witnesses.

Accordingly, this Court being advised fully in the premises,

**IT IS HEREBY ORDERED** that Defendant's motion for change of venue [docket entry 6] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is transferred to the U.S. District Court for the Northern District of Georgia.

**SO ORDERED.**