IFL GROUP INC. a Michigan Corporation, and Contract Air Cargo, Inc., a Michigan Corporation, Plaintiffs,

v.

WORLD WIDE FLIGHT SERVICES, INC., Defendant.

No. CIV. 03–40172.

United States District Court,
E.D. Michigan,
Southern Division.

March 2, 2004.

Richard J. Durden, Tolley, Vandenbosch, Grand Rapids, MI, for IFL Group, Incorporated, Contract Air Cargo, Incorporated, Plaintiffs.

Gerard J. Andree, Sullivan, Ward, Richard G. Ward, Sullivan, Ward, Ronald S. Lederman, Sullivan, Ward, Southfield, MI, for World Wide Flight Services, Incorporated, Defendant.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Defendant's motion to dismiss for improper venue or to transfer venue to the United States District Court for the Western District of Washington. For the reasons stated below, the Court will deny the motion.

## I. BACKGROUND

This case arises out of an alleged collision between a forklift and an airplane at the Sea Tac Airport in Seattle, Washington. Plaintiff IFL Group, Incorporated leased the aircraft involved in the collision and contracted with Plaintiff Contract Air Cargo to transport cargo. The forklift was operated by an agent of Defendant World Wide Services. Plaintiffs are both Michigan corporations with their principal places of business in Michigan. Defendant is a Delaware corporation with its principal place of business in Texas. The Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

■ Defendant seeks to have this case dismissed or transferred based on Plaintiffs' choice of venue. At the outset, the Court notes that Defendant brings this motion under the doctrine of *forum non conveniens*. As the Supreme Court has noted, however, the

> transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute ... and to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in cases where the alternative forum is abroad.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations and internal quotations omitted). The alternative forum in this case is not abroad; it is in the state of Washington. Therefore, the Court will not apply the doctrine of *forum non conveniens*. Instead, the Court will construe Defendant's motion as a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406, or in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a).

## II. MOTION TO DISMISS FOR IMPROPER VENUE

■ In this diversity action, venue must be proper under 28 U.S.C. § 1391(a), which states:

[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In this case, the work order involved in the collision was executed and performed in Washington and the collision occurred in Washington. Thus, a substantial part of the events giving rise to this claim occurred in that district. Venue would therefore be proper in the Western District of Washington under 28 U.S.C. § 1391(a)(2). Just because venue is proper in that district, however, does not entail that it is not proper in another district; "venue may be proper in more than one judicial district." *Overland, Inc. v. Taylor,* 79 F.Supp.2d 809, 811 (E.D.Mich.2000) (Gadola, J.).

■ Since more than one venue may be proper, the Court must determine whether this district is also a proper venue. For venue to be proper in the Eastern District of Michigan, the district must satisfy 28 U.S.C. § 1391(a)(1) or (a)(2). That is, the district must be Defendant's residence, the location of a substantial part of the events or omissions giving rise to the claim, or the location of a substantial part of the property that is the subject of the action. 28 U.S.C. § 1391(a)(1)-(2). Defendant bears the burden of establishing that venue is improper. *Amphion Inc. v. Buckeye Elec. Co.,* 285 F.Supp.2d. 943, 945 (E.D.Mich. 2003) (Gadola, J.) (citing 17 *James Wm. Moore et al., Moore's Federal Practice* ¶ 110.01 (3d ed.1997)).

■ Since Defendant is not a Michigan citizen or resident, Defendant must show the following to establish that venue is improper in the Eastern District of Michigan: (1) no substantial part of the events giving rise to this claim occurred in this district and (2) no substantial part of the property that is the subject of the action is located in the district. *See* 28 U.S.C. § 1391(a)(1)-(2). In articulating the meaning of "substantial part," the United States Court of Appeals for the Sixth Circuit has stated that "this includes any forum with a substantial connection to the plaintiff's claim." *First of Mich. Corp. v. Bramlet,* 141 F.3d 260, 263 (6th Cir.1998) (citation omitted). As this Court has noted, § 1391(a)(2) "does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenge venue, even if a greater part of the events occurred elsewhere." *Amphion Inc.,* 285 F.Supp.2d. at 946 (Gadola, J.) (quoting *Greenblatt v. Gluck,* 265 F.Supp.2d 346, 352 (S.D.N.Y.2003) (citations omitted)). Thus, even if a majority of the events occurred in the Western District of Washington, venue can still be proper in the Eastern District of Michigan if there is a substantial connection or contact between this case and the district.

■ In this case, both Plaintiffs are citizens of Michigan. Additionally, Plaintiffs claim that the three of the flight attendants who may have witnessed the accident are based in Michigan, and that the documentation and evidence relating to lost profits are located in this district. Fur-

thermore, the flight to Seattle originated from the Oakland/Pontiac Airport in Michigan and the aircraft was returned to Plaintiff's facility at the Oakland/Pontiac Airport after the alleged collision. Compl. at ¶ 9, 18. Defendant has not provided affidavits or other evidence to disprove these assertion. As noted above, Defendant bears the burden of proof to establish that venue is improper. Defendant has not met its burden of demonstrating that there are no connections or contacts with the Eastern District of Michigan. Consequently, venue is proper in this district and the Court will deny Defendant's motion to dismiss the action for improper venue.

## B. MOTION TO TRANSFER VENUE

■■ Even if venue is proper, a district court can transfer venue "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Under § 1404(a), the Court may transfer a civil action to "any other district or division where it might have been brought." *Id.* In making this decision, the Court must determine (1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience. *Id.* Courts have broad discretion to grant or deny a motion for transfer of venue under 1404(a). *Overland,* 79 F.Supp.2d at 811 (Gadola, J.) (quoting *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989)). The moving party bears the burden of demonstrating that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.,* 131 F.Supp.2d 934, 936 (E.D.Mich. 2001) (quoting *Rowe v. Chrysler Corp.,* 520 F.Supp. 15, 16 (E.D.Mich.1981)). The

moving party must make this showing by a preponderance of the evidence. *Amphion Inc.,* 285 F.Supp.2d at 946–47 (Gadola, J.) (citing *Thomas,* 131 F.Supp.2d at 936; *Int'l Union, U.A.W. v. Aluminum Co. of Am.,* 875 F.Supp. 430, 433 (N.D.Ohio 1995)).

In this case, the action could have been brought in the Western District of Washington because, as noted above, a substantial part of the events giving rise to this claim occurred there. To transfer the action, the Court must next determine whether a transfer would promote the interests of justice and whether it would serve the convenience of the parties and the witnesses. The factors that guide a district court's discretion when deciding whether to transfer a case include,

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland,* 79 F.Supp.2d at 811 (Gadola, J.) (quoting *Pilates, Inc. v. Pilates Institute, Inc.,* 891 F.Supp. 175, 183 (S.D.N.Y.1995)). The Court will address these factors below.

■ Regarding factors (1) and (3), the evidence before the Court does not suggest that either venue is significantly more convenient for a majority of the witnesses or parties. Defendant has not provided evidence to counter Plaintiff's assertions that the flight attendants, who may be witnesses to the collision, are based in Michigan. Defendant has not provided ev-

idence or affidavits that Defendant's employee, the forklift driver who is allegedly a Washington resident, would be inconvenienced by the case proceeding in Michigan. Plaintiff also alleges that Defendant has an office at Detroit Metro Airport; Defendant claims that "Plaintiff misstates" this fact, but does not explicitly deny having an office in Michigan. Def's Reply at 2. If Defendant does operate an office in Michigan, then defending a suit in this district would not appear inconvenient or unexpected. Without more evidence, however, the Court cannot conclude that this factor favors either party. Additionally, factor (6), the "relative means of the parties" does not favor either party. All of the parties are corporations and there is no evidence to suggests that trying the case in this district would be economically burdensome.

Factor (5) requires the Court to address the availability of process to compel unwilling witnesses to attend or testify. In this case, there are potential witnesses in British Columbia, where the repairs to the airplane occurred. While a Court can compel the appearance or testimony of a United States citizen or resident who is in a foreign country, the Court has no authority to compel the appearance of foreign citizens. See 28 U.S.C. § 1783. This is true for courts in both Washington and Michigan. Defendant argues that a venue in Washington would be more convenient for the witnesses in British Columbia. Defendant claims that "obtaining the voluntary cooperation of the witnesses in British Columbia would certainly be easier in the neighboring state of Washington than it would" in Michigan. Def's Reply at 2. Defendant, however, has not provided any affidavit or other evidence that the cooperation of the witnesses in British Columbia is contingent on the case proceeding in Washington. Accordingly, this factor favors neither party.

Factors (2) and (4), the location of sources of proof and operative fact, similarly do not clearly favor either party. Defendant argues that maintaining this action in Michigan would preclude a jury view of the premises where the alleged collision occurred. It is true that a Michigan jury would be unable to view the accident scene in Seattle. There is no suggestion, however, that other exhibits, photographs, or videos would be unavailable or inadequate to convey the scene of the accident to the jury. Defendant has not provided sufficient evidence to demonstrate that a jury view is necessary or appropriate for the adjudication of this action. Furthermore, Plaintiff claims that various records regarding lost profits and expenses and the witnesses who could testify about those expenses are located in this district.

Factor (7) requires the Court to consider its familiarity with the governing law. Defendant contends that the Court should transfer the action to Washington because the case requires the application of Washington law. It is unclear, however, whether Washington law applies to this action. Jurisdiction in this case is based on diversity of citizenship. The Sixth Circuit has held that "[a] federal court sitting in its diversity jurisdiction applies the choice of law rules of the forum state." Miller v. State Farm Mut. Auto. Ins. Co., 87 F.3d 822, 824 (6th Cir.1996) (citation omitted). As the choice of law issue has not been briefed, the Court will not address the issue. Assuming without deciding that Washington law applies, it is unclear that the application of Washington law would require transfer. Defendant asserts that "[i]t is also well settled that the law of indemnification is often quite confusing." Def's Reply at 3. Defendant, however, has not suggested that Washington's indemnification law is either particularly confusing or unsettled. Regardless, if Washington

law applies then this factor would favor transfer.

Plaintiffs' choice of forum, factor (8), favors proceeding with this case in Michigan. Factor (9) addresses trial efficiency and the interests of justice. This final factor does not appear to favor either party.

■ As noted above, Defendant bears the burden of proof to show that transfer of venue is warranted. Mere assertions or speculation, without evidence, are insufficient to meet this burden. *Dow v. Jones*, 232 F.Supp.2d 491, 499 (D.Md.2002). Having considered the factors above, the Court cannot conclude that transfer is warranted. Justice does not require transfer in this case involving three corporations, two of which are citizens of this district and none of which are citizens of Washington. Although the alleged accident in this case occurred in Washington, Defendant has not provided sufficient evidence to establish that the convenience of the parties, witnesses, or the interests of justice would "strongly favor" transfer. *Thomas*, 131 F.Supp.2d at 936. As Defendant has not met the required standard, the Court will deny the motion to transfer venue.

## III. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED**, that Defendant's motion to dismiss for improper venue [docket entry 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for transfer of venue [docket entry 8] is **DENIED**.

**SO ORDERED.**